PEOPLE *v.* CECH.

1. INTOXICATING LIQUORS — EVIDENCE OBTAINED UNDER SEARCH
WARRANT ADMISSIBLE UNLESS UNLAWFULLY OBTAINED.
      In a prosecution for violating the prohibition law, the
      evidence obtained under a search warrant is admissible
      unless in obtaining it the officer violated the law as to
      search and seizure (Art. 2, § 10, Mich. Const., Comp.
      Laws Supp. 1922, § 7079 [30]).[1]

2. SAME — SUFFICIENCY OF AFFIDAVIT FOR SEARCH WARRANT MUST
BE CHALLENGED PRELIMINARY TO TRIAL — PRESUMPTIONS.
      One charged with violating the prohibition law who de-
      sires to challenge an affidavit for a search warrant, fair
      and sufficient on its face, as being defective, or false, must
      raise the question by motion and showing preliminary
      to the trial, and in the absence of such motion and show-
      ing, the affidavit will be presumed to be sufficient in fact
      and the evidence obtained thereby to have been obtained
      lawfully and therefore admissible.[2]   BIRD, C. J., dissent-
      ing.

Exceptions before judgment from Ottawa; Cross
(Orien S.), J.   Submitted January 15, 1925.   (Docket
No. 116.)   Decided July 22, 1926.

Frank Cech was convicted of violating the liquor
law.   Affirmed.

*Daniel F. Pagelsen,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred
T. Miles,* Prosecuting Attorney, for the people.

CLARK, J.   Exceptions before sentence.   Conviction
under the prohibition law.   The affidavit for a warrant
to search defendant's private dwelling stated, in sub-
stance, that the place was used for the sale of intoxi-

[1]Criminal Law, 16 C. J. § 1110; Intoxicating Liquors, 33 C. J.
§ 494; [2]Intoxicating Liquors, 33 C. J. §§ 371, 559; 14 A. L. R.
1408; 32 A. L. R. 408; 41 A. L. R. 1145.

cating liquor. Section 30, Act No. 336, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [30]), provides in part:

"No warrant shall be issued to search a private dwelling occupied as such unless some part of it is used as a store or shop, hotel or boarding house, or for any other purpose than a private residence, or unless such private dwelling is a place of public resort, or unless it is being used for the unlawful manufacture or sale of intoxicating liquor."

Upon the search of the dwelling, a quantity of moonshine whisky was seized. The charge was possession. At the preliminary examination, the evidence adduced, which was taken over objection, was that of the police officer who made the search, to the effect that he found and seized the moonshine whisky in defendant's dwelling. In the circuit court, defendant's motion to quash was denied. The evidence at the trial was like that at the examination. The whisky was in evidence. At neither the examination nor the trial did the people have evidence that defendant's private dwelling was used for the sale of intoxicating liquor, and defendant contended by the motion to quash and by motion to discharge that such evidence was indispensable at the examination and at the trial to show that an offense known to the law had been committed; that it was upon the people to establish by evidence at the examination and at the trial that defendant's private dwelling had been used for the sale of intoxicating liquor; and that, without such showing, evidence of defendant's possessing the liquor in his private dwelling was inadmissible.

The evidence against defendant was admissible unless in obtaining it the officer violated the law as to search and seizure (Art. 2, § 10, State Const., and statute cited). The affidavit for the search warrant and the warrant (of record not as evidence but as part of the return [3 Comp. Laws 1915, § 15837]), are

fair and sufficient on their face.    Conceding that a defendant may challenge an affidavit for a search warrant, fair and sufficient on its face, as being defective in fact, that is, false, clearly he must raise the question by motion and showing preliminary to the trial, and in the absence, as here, of any such motion and showing, such affidavit will be presumed to be sufficient in fact and the evidence to have been obtained lawfully.    The trial judge did not err in overruling the motion.    See *People* v. *Burt, ante,* 62.

We find no reversible error.

Affirmed.    Remanded for judgment.

SHARPE, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred with CLARK, J.

BIRD, C. J. (*dissenting*).    For reasons stated in *People* v. *Burt, ante,* 62.    I am not in accord with foregoing opinion.

Justice MOORE took no part in this decision.