PEOPLE *v.* KRAMER.

CRIMINAL LAW—MOTION TO SUPPRESS EVIDENCE—SEARCHES AND
SEIZURES—INTOXICATING LIQUOR.

> Denial of defendant's motion to suppress evidence against him
> on charge of illegal possession of intoxicating liquor, where
> he did not comply with 3 Comp. Laws 1929, § 17288, dis-
> posed of question, and he was not entitled to second hearing
> on same matter on trial, or to have jury determine admissi-
> bility of said evidence.

Appeal from Ionia; Hawley (Royal A.), J. Sub-
mitted June 16, 1932. (Docket No. 156, Calendar
No. 36,577.) Decided September 16, 1932.

Carl Kramer was convicted of illegal possession
of. intoxicating liquor, which was also charged as
fourth felony. Affirmed.

*Louis T. Herman,* for appellant.

*Paul W. Voorhies,* Attorney General, and *Frank
C. Miller,* Prosecuting Attorney, for the people.

BUTZEL, J. Carl Kramer was charged with hav-
ing in his possession 510 quarts of home brew beer,
25 gallons of home brew mash in the making, and
several dozen empty beer bottles, used for bottling
beer, contrary to the provisions of 2 Comp. Laws
1929, § 9139. The offense was also charged as a
fourth offense under 3 Comp. Laws 1929, §§ 17338–
17340. Respondent had been previously convicted

---

As to admissibility of evidence obtained by illegal search and
seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408; 41
A. L. R. 1145; 52 A. L. R. 477.

and sentenced, twice for violations of the prohibition law and once for resisting an officer. The sole claim of error alleged is that the trial judge denied respondent the right to have the jury determine whether the affidavit on which the search warrant was issued was false in fact. Respondent claims that the beer, mash, and bottles were "planted" in his home by the officers, and that it was for the jury to determine whether this claim is true or not. Respondent made a verbal motion to suppress the evidence. He did not comply with 3 Comp. Laws 1929, § 17288. The court denied the motion. This disposed of the question. At the trial he sought to prove that the affidavit upon which the search warrant was issued was false. This was equivalent to presenting his motion again and having the jury pass upon it. *People* v. *Cech,* 236 Mich. 75; *People* v. *Burt,* 236 Mich. 62. He is not entitled to a second hearing on the same matter, or to have the jury determine the admissibility of evidence. *People* v. *Lenic,* 255 Mich. 29; *People* v. *Nutter,* 255 Mich. 207. The court properly denied respondent's second motion, and the judgment is affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.