CITY OF DETROIT *v.* TOWNSHIP OF REDFORD.

1. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY—DIVISION OF PROPERTY—STATUTES.

In absence of express statutory provision, municipal corporation annexing territory of another municipality is not entitled to division and participation in latter's personal property.

2. STATUTES—CONSTRUCTION.

Where wording of statute is unambiguous, there is no room for construction.

3. MUNICIPAL CORPORATIONS—ANNEXATION OF TERRITORY—CONSTRUCTION OF STATUTE.

Provision of home rule act (1 Comp. Laws 1929, § 2250) for division of real property where territory is annexed to another municipality, being plain and unambiguous, may not be extended by court by application of rules of construction to include personal property also, under provision of another statute (sections 2334–2344).

4. SAME—DIVISION OF PERSONAL PROPERTY.

Where territory from township was annexed to city under home-rule act (1 Comp. Laws 1929, § 2250), city was not entitled to division and participation in township's personal property.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 14, 1931. (Docket No. 123, Calendar No. 35,365.) Decided February 27, 1931.

Bill by City of Detroit, a municipal corporation, against Township of Redford, a municipal corporation, and others for an accounting of corporation assets incident to annexation proceedings. Decree for defendant municipality. Plaintiff appeals. Affirmed.

*Paul T. Dwyer,* Assistant Corporation Counsel (*Clarence E. Wilcox,* of counsel), for plaintiff.

*Fred Dye,* for defendant.

NORTH, J. The city of Detroit filed this bill of complaint to compel an accounting and the payment to it by defendant township of money which plaintiff claims is due to it incident to two annexation proceedings; one in 1923, the other in 1926. Plaintiff's bill was dismissed and it has appealed. The facts are stipulated. If plaintiff's contention is sustained its proportionate share of the township's personal property because of the 1923 annexation will be $15,773.22, and incident to that of 1926, $63,283.47. Detroit is incorporated under the so-called home-rule act (chapter 49, §§ 2228–2274, 1 Comp. Laws 1929); and the parties agree that both annexation proceedings "were taken and had in accordance with the provisions for annexation" prescribed in the home-rule act.

Plaintiff alleges that under sections 3452–3462, 1 Comp. Laws 1915 (§§ 2334–2344, 1 Comp. Laws 1929) it is entitled to a division of the township's personal property on the basis of the relative value of the taxable property in the annexed area to that of the whole township. But defendant maintains that the above cited statutory provisions have no application because the annexation proceedings were under the home-rule act, and that this act, which is complete in itself, provides for a division of the real property owned by the township affected by the annexation, but contains no provision for a division or an apportionment of the township's personal property. Defendant therefore contends it cannot be required to account to plaintiff.

The statute under which plaintiff asserts its right is Act No. 38, Pub. Acts 1883, as amended by Act No. 51, Pub. Acts 1887, and Act No. 290, Pub. Acts 1909. The home-rule act was also passed by the legislature of 1909, Act No. 279, Pub. Acts 1909; and further, it may be noted, the 1909 amendment to Act No. 38, Pub. Acts 1883, was approved by the governor on the same day that he approved the home-rule act, June 2, 1909. The issue before us is this: Should the provisions of the 1883 act as amended be read into or in connection with the home-rule act of 1909, or should the latter enactment be held to be complete in itself in the particulars here involved?

We may start with the established legal proposition that, in the absence of express statutory provision, annexation of territory from another municipality does not result in a right to a division of and a participation in the personal property of such municipality. *School District of Saginaw* v. *District No. 6,* 231 Mich. 664, and cases cited. As noted, there is no provision in the home-rule act for apportionment of the personal property of the municipality from which the annexed territory is taken; hence plaintiff can take nothing in this suit unless the provision for a division of personal property contained in the amended act of 1883 (section 2334, 1 Comp. Laws 1929) is read into or as a part of the home-rule act. It becomes a matter of statutory construction. The pertinent and quite conclusive rules may be stated thus:

(1) If the wording of the statute is unambiguous there is no room for construction. *In re Merrill,* 200 Mich. 244; *Farm Products Co.* v. *Jordan,* 229 Mich. 235.

(2) The terms of a statute cannot be extended by construction beyond the obvious import of its lan-

guage. *Morrill* v. *Seymour,* 3 Mich. 64; *Meister* v. *People,* 31 Mich. 99.

(3) If a statute is plain and not ambiguous and upon its face is full and complete it will not be assumed that the legislature made a mistake and used one word where it intended to use another. *People* v. *Crucible Steel Co.,* 150 Mich. 563.

(4) If a statute covers the whole subject there is no room for any other rule by implication. *Keeler* v. *Dawson,* 73 Mich. 600.

(5) Express mention in a statute of one thing implies the exclusion of other similar things, *expressio unius est exclusio alterius. Marshall* v. *Railway Co.,* 201 Mich. 167 (8 A. L. R. 435).

(6) Courts cannot attach provisions not found therein to an act of the legislature because they have been incorporated in other similar acts. *State* v. *Sparrow,* 89 Mich. 263.

Section 14 of the home-rule act (section 2250, 1 Comp. Laws 1929) provides:

"And whenever part of a city, village or township is annexed to a city, the *real* property in the territory annexed which belongs to the city, village or township, from which it is taken shall be sold * * * and that portion of the proceeds of such sale shall be paid to the city acquiring such territory which shall be in the same ratio to the whole amount received as the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which said territory is taken."

There is no ambiguity in the foregoing provision, and its plain meaning cannot be altered by application of rules of construction. The statute obviously and plainly provides for a division of real property and of real property only. As above stated, the

legislature at the same session amended the 1883 act in which it provides in cases of annexation for a division of both real and personal property. It would be over presumptuous to assume that it was a mistake or an oversight on the part of the legislature that the home-rule act provides for apportionment of real property located in the annexed territory only. Especially is this so since in the same paragraph from which the above quotation is taken it is expressly provided that where by annexation the whole of another municipality is taken over, the city to which it is annexed succeeds "to the ownership of *all the property*" of the annexed territory. This latter provision plainly includes both the real and personal property; but in cases of partial annexation the right of property division is expressly confined to *real* property located in the annexed territory. We have no right to strike this limitation out of the statute.

If the home-rule act contained no provision at all as to the division of property there might be more force in plaintiff's contention that it is entitled to enforce its claim under the act of 1883 as amended. But since there is a provision in the home-rule act as to the apportionment of property, to hold that plaintiff may recover under the other statute would be to extend the terms of the home-rule act and to read into it a provision of substantial importance not embodied therein by the legislature. The two annexations here involved were consummated under the home-rule act, and plaintiff's rights are controlled thereby. The decree of the lower court is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.