PEOPLE *v.* LENIC.

1. Criminal Law—Motion to Suppress.
   Where motion to suppress evidence was heard and denied, defendants are not entitled to second hearing on same matter.

2. Same—Supreme Court Cannot Find Error in Denial of Motion Without Record.
   Where there is no record of hearing and denial of motion to suppress evidence, Supreme Court cannot find error therein.

3. Intoxicating Liquors—Illegal Possession—Guilty Knowledge—Question for Jury.
   In prosecution of husband and wife for illegal possession of intoxicating liquors, direct evidence of statements and admissions by husband indicating guilty knowledge that whisky was on his premises presented question for jury as to his guilt.

4. Criminal Law—Trial—Instruction—Illegal Possession.
   Where possession of intoxicating liquor was unlawful without doubt, instruction that possession, if found, would be unlawful, was not prejudicial.

5. Same—Comment of Court on Evidence.
   Instruction that defense story told by defendants did not sound reasonable, but that what court thought about it had nothing to do with case, that responsibility was on jury, was not error (3 Comp. Laws 1929, § 17322).

Error to Allegan; Miles (Fred T.), J. Submitted April 16, 1931. (Docket No. 149, Calendar No. 35,243.) Decided June 1, 1931.

Anthony and Julia Lenic were convicted of illegal possession of liquor. Affirmed.

*Roman F. Glocheski,* for appellants.

*Paul W. Voorhies,* Attorney General, and *Harry Pell,* Prosecuting Attorney, for the people.

CLARK, J. Defendants, husband and wife, were convicted and sentenced for unlawful possession of intoxicating liquor, and they bring error. The evidence was obtained under a search warrant issued on an affidavit fair on its face. On search of the home of defendants, nearly eight gallons of moonshine whisky were found. A motion to suppress the evidence so obtained was made, heard, and denied. This motion, hearing thereon, and formal denial thereof, are not in the record. Later present counsel for defendants was retained. He filed a second motion to suppress, on the same grounds, so far as here material, chief of which was that the affidavit for search warrant was false in fact. The second motion was noticed for hearing on April 9, 1930. Nothing was done relative to bringing it on for hearing. When the trial opened on June 16, 1930, it was first called to the attention of the trial judge. Hearing of it was not urged, but defendants' counsel said:

"I would like to have the record show your honor's decision on that motion. * * * I just want to show the matter was before your honor and a decision rendered."

The court's attention was called to the fact that he had already heard and denied the first like motion to suppress, and he, accordingly and summarily, denied the second. Defendants raised the question of whether the affidavit was false in fact (*People* v. *Burt,* 236 Mich. 62) on motion to suppress, which was heard and denied. They, or either of them, were not entitled to a second hearing on the same matter. The point, then, is on the denial of the first motion. There being no record on this feature of the case, we cannot find error.

Concededly, a case for possession was made against Mrs. Lenic. It is urged there is no evidence that Mr. Lenic had knowledge that the whisky was on his premises, and that the evidence is he did not have such knowledge, and, accordingly, he was not liable to prosecution, and a verdict should have been directed in his favor, citing *People* v. *Burbank,* 234 Mich. 600. In addition to the circumstances, there is direct evidence of statements and admissions by Mr. Lenic indicating such guilty knowledge on his part. It follows that the question was for the jury.

Possession in this case was unlawful, no doubt of that. So instruction of the trial judge that possession, if found, would be unlawful, was not prejudicial.

Testimony for defendants is chiefly an improbable story of how they came by the liquor. In his charge the trial judge said:

"It   *   *   *   does not sound reasonable, but what I think about it has nothing to do with the case. You are the ones that have to decide whether it is true or not, or if her explanation is true, or if you believe it to be true; the responsibility is wholly yours."

Under 3 Comp. Laws 1929, § 17322 (code of criminal procedure), and *People* v. *Lintz,* 244 Mich. 603, this was not error.

Other assignments present no reversible error. Affirmed.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.