PEOPLE v SACORAFAS

OPINION OF THE COURT

1. JUDGES—RECORDER'S COURT—JURISDICTION—REASSIGNMENTS—MO-
   TIONS FOR REHEARING—STATUTES.

   A judge of Recorder's Court to whom a case has been reassigned,
   acting on a motion for the rehearing of a motion to suppress
   evidence previously denied by the judge of Recorder's Court to
   whom the case was originally assigned, has jurisdiction to act
   on the motion because he is proceeding on his own and is not
   reviewing or revising an order of another judge (MCLA 726.2;
   MSA 27.3552).

2. COURTS—RECORDER'S COURT—SUPPRESSION OF EVIDENCE—REHEAR-
   ING—APPEAL AND ERROR—JUDGES—LENGTH OF LITIGATION.

   A defendant is not entitled to a second hearing on the same
   matter by a different judge of Recorder's Court to whom his
   case has been reassigned; sound policy dictates this rule be-
   cause it is a necessary tool in controlling the length of litiga-
   tion and assuring the expeditious termination thereof; an order
   denying suppression of evidence entered by a judge of Record-
   er's Court to whom the case was assigned is valid after reas-
   signment of the case to another judge unless the order was
   appealed from.

3. CRIMINAL LAW—EVIDENCE—CONVERSATIONS—TAPE RECORDINGS—
   WARRANT REQUIREMENTS.

   Introduction into evidence of tape recordings of monitored con-
   versations is not proscribed because they were obtained without
   a search warrant where the conversations were all monitored
   and recorded prior to the date of a Supreme Court decision

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 5 Am Jur 2d, Appeal and Error § 978 et seq.
[3, 6] 20 Am Jur 2d, Courts §§ 233, 236.
  29 Am Jur 2d, Evidence §§ 412, 433–436.
  Admissibility of sound recordings in evidence. 58 ALR2d 1024.
  Modern status of rule governing admissibility of evidence obtained
  by unlawful search and seizure. 50 ALR2d 531.

requiring prior procurement of a search warrant before the making of such recordings.

CONCURRENCE IN RESULT BY BASHARA, P. J.

4. CRIMINAL LAW—EVIDENCE—SUPPRESSION OF EVIDENCE—MOTION FOR REHEARING—JURISDICTION—JUDGES—RECORDER'S COURT.

A defendant is entitled to a rehearing of a motion to suppress evidence first denied by a judge of Recorder's Court to whom the case was assigned and then reheard and granted by a judge of Recorder's Court to whom the case had been reassigned because, if the reassignment judge had jurisdiction to hear the motion, it would be incongruous to imply that any disposition would be meaningless by holding that the defendant is not entitled to a second hearing.

5. CRIMINAL LAW—EVIDENCE—SUPPRESSION OF EVIDENCE—CHANGE OF CASE LAW—AFFECT ON COURT'S DELIBERATION—REHEARINGS—APPEAL AND ERROR.

A defendant should not be precluded from seeking a new ruling on a motion to suppress tape-recorded evidence where intervening case law had changed the applicable law on warrantless electronic surveillance which could affect the trial court's deliberation; to deny rehearing would require the Court of Appeals to decide on the merits without giving the trial court an opportunity to rule.

6. CRIMINAL LAW—EVIDENCE—CONVERSATIONS—TAPE RECORDINGS—WARRANT REQUIREMENTS.

It was error to suppress tape recordings obtained without a warrant where the conversations were all monitored and recorded prior to the date of a Supreme Court decision requiring prior procurement of a search warrant before the making of such recordings.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted May 11, 1977, at Detroit. (Docket No. 29938.) Decided June 20, 1977. Leave to appeal applied for.

Nicholas Sacorafas was charged with bribery and willful neglect of duty. Defendant moved to suppress as evidence certain taped conversations. Motion denied. Defendant moved for a rehearing of the motion. Previous judge not available, and

defendant's motion was granted by a subsequent judge assigned to the case. The people appeal by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick J. Devlin* and *Robert C. Ward, Jr.,* Assistants Attorney General, for the people.

*Lippitt, Harrison, Perlove, Friedman & Zack,* for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

QUINN, J. The people appeal on leave granted from an order suppressing certain tape recordings made without prior search warrants. The tapes were to be offered in evidence in the prosecution of defendant on bribery charges and a willful neglect of duty charge. The tapes were made without defendant's knowledge but with the cooperation and consent of one Fish whose dealings with defendant gave rise to this prosecution. Fish was the other party to the recorded conversations with defendant.

Defendant was arrested April 16, 1974; preliminary examination was held April 26, 1974, and defendant was bound over for trial. July 19, 1974, defendant moved to suppress the tapes, and the motion was denied by Judge Leonard. Thereafter, Judge Leonard was elected presiding judge of recorder's court, and this case was reassigned to Judge Crockett, Jr. April 16, 1976, defendant moved for rehearing on the motion to suppress on the authority of *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), and *People v Plamondon,* 64

Mich App 413; 236 NW2d 86 (1975). By order
dated June 4, 1976, the tapes were suppressed.

The people state the first issue as:

"The lower court, lacking jurisdiction, erred in grant-
ing defendant's untimely motion to dismiss."

Because of our analysis of the basic question of
whether the order of suppression was erroneous,
we find it unnecessary to write to the timeliness
question. However, this case was reassigned to
Judge Crockett. He was acting on his own in
granting the motion to suppress and was not re-
viewing or revising an order of another judge
within the concept of MCLA 726.2; MSA 27.3552.
We find that Judge Crockett had jurisdiction to act
on the motion.

The fact that Judge Crockett had authority to
act does not eliminate the possibility that the
action was otherwise erroneous. It was error to
order suppression for two reasons:

1. Judge Leonard's order denying suppression
was never appealed. Defendant was not entitled to
a second hearing on the same matter, *People v
Lenic,* 255 Mich 29; 237 NW 35 (1931). Sound
policy dictates the rule; it is a necessary tool in
controlling the length of litigation and assuring
the termination thereof expeditiously. Here, de-
fendant took an interlocutory appeal to the Su-
preme Court, but he did not question Judge Leo-
nard's order denying suppression, nor did he seek
a rehearing before Judge Leonard.

The only relaxation of the *Lenic* rule that has
come to our attention is found in *People v Olajos,*
397 Mich 629; 246 NW2d 828 (1976). There it was
held that it was discretionary with the trial judge
to allow renewal of a suppression motion after

facts were more fully developed at trial. Here, there were no new facts but two new decisions.

2. All monitoring in this case was prior to April 7, 1975, the effective date of *Beavers, supra.* We recognize that *Plamondon, supra,* held *Beavers* to be retroactive in spite of the language of *Beavers,* but we decline to follow *Plamondon.* We find the reasoning of *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), supports the correct reading of *Beavers* and its inapplicability to the case before us. The monitoring here did not require prior search warrants, *United States v White,* 401 US 745; 91 S Ct 1122; 28 L Ed 2d 453 (1971).

The conclusion that the suppression here was error obviates discussion of the remaining errors raised by the people, but we do respond to defendant's argument that the tapes must be excluded because of a violation of MCLA 750539. *et seq.;* MSA 28.807 *et seq.,* (eavesdropping statute). *People v Livingston, supra,* decides this contention correctly and adversely to defendant. *People v Warner,* 65 Mich App 267; 237 NW2d 284 (1975), is not inconsistent with *Livingston.* In *Warner,* a factual difference made the statute inapplicable.

Reversed and remanded for trial.

Beasley, J., concurred.

Bashara, P. J. *(concurring).* I concur in the result reached by the majority opinion. However, I do not agree with all of the reasons cited therein.

I believe that defendant was entitled to a rehearing on his motion to suppress. It strikes me as incongruous to hold that Judge Crockett had jurisdiction to hear the motion, while at the same time implying that any disposition he made would have been meaningless because defendant was not enti-

tled to the second hearing. The rule of *People v Lenic,* 255 Mich 29; 237 NW 35 (1931), does not appear to me to deny a defendant a rehearing on a trial court motion.

It is evident from the record that defendant requested the rehearing based upon his belief that *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), and *People v Plamondon,* 64 Mich App 413; 236 NW2d 86 (1975), *lv granted,* 395 Mich 813 (1975), which were released subsequent to Judge Leonard's original denial of the motion, had changed the applicable Michigan law on warrantless electronic surveillance. I cannot agree that defendant is precluded from seeking a new ruling on a motion where intervening case law could affect the trial court's deliberation. To deny the rehearing would leave to this Court the decision on the merits when the trial court should first be given the opportunity to rule. Defendant sought the rehearing before Judge Leonard's successor and that rehearing was properly granted.

I agree with the majority that Judge Crockett erroneously granted the motion to suppress the tapes. However, I do not agree that the decision in *Plamondon, supra,* holds *Beavers, supra,* to be retroactive despite the clearly prospective holding in *Beavers.* My reading of *Plamondon* indicates that the *Plamondon* Court expressly recognized the prospective nature of *Beavers* and accordingly declined to use *Beavers* as precedent. While it is true that the *Plamondon* Court independently came to the same result as *Beavers,* it did not on its face hold *Beavers* to be retroactive.

I would hold that the suppression of the tapes was erroneous in the present case since no warrant was required prior to *Beavers.* See *United States v White,* 401 US 745; 91 S Ct 1122; 28 L Ed

2d 453 (1971). I agree with the majority in declining to follow *Plamondon,* and instead apply the reasoning of *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), and *People v Drielick,* 56 Mich App 664; 224 NW2d 712 (1974), *lv granted,* 396 Mich 813 (1976).