## SULLIVAN v GRAY

Docket No. 57301. Submitted January 21, 1982, at Detroit.—Decided June 23, 1982. Leave to appeal applied for.

Thomas A. Sullivan brought an action against James Gray, Edward A. Katz and David M. Black alleging that Gray eavesdropepd on a telephone conversation between plaintiff and Gray by recording the conversation in violation of the statute prohibiting the recording of a conversation without the consent of the parties. Plaintiff further alleged that all three defendants violated the statute by using or divulging the recorded conversation. The Oakland Circuit Court, Richard D. Kuhn, J., granted summary judgment in favor of the defendants, holding that the statute does not prohibit monitoring of a conversation by a participant without the consent of all other participants. Plaintiff appeals. *Held:*

The statute, in defining the term "eavesdrop", excludes participant recording by limiting the applicability to "the private discourse of others", thereby contemplating that a potential eavesdropper must be a third party not otherwise involved in the conversation. Therefore, the conduct complained of herein is not within the statutory prohibition.

Affirmed.

V. J. Brennan, J., dissented. He would hold that the statute prohibits the recording of a conversation by either a participant or a third party without the consent of all persons involved in the conversation. He would reverse.

### Opinion of the Court

1. Statutes — Judicial Construction.

A statute which is unambiguous on its face is not susceptible of interpretation or construction of its terms; however, if an

References for Points in Headnotes

[1] 73 Am Jur 2d, Statutes §§ 145, 195.
[2] 73 Am Jur 2d, Statutes §§ 206, 254.
[3, 4] 68 Am Jur 2d, Searches and Seizures § 24.
Validity, construction, and effect of state legislation making wire tapping a criminal offense. 74 ALR2d 855.

ambiguity exists it is the duty of the court to give effect to the intent of the Legislature, looking to the object of the statute and applying a reasonable construction which best accomplishes the statute's purpose.

2. STATUTES — JUDICIAL CONSTRUCTION.

Ambiguous statutes are to be interpreted as a whole and construed so as to give effect to each provision and to produce a harmonious and consistent result; further, specific words in a statute will be assigned their ordinary meaning unless a different interpretation is indicated.

3. CRIMINAL LAW — RECORDING OF CONVERSATIONS — STATUTES.

The statute which prohibits a person from wilfully using any device to eavesdrop upon a conversation without the consent of the parties thereto and which defines eavesdropping to mean to overhear, record, amplify or transmit any part of the private discourse of others without their permission contemplates that a potential eavesdropper must be a third party not otherwise involved in the conversation being eavesdropped upon; therefore, a participant in the conversation is not prohibited by the statute from recording the conversation without the permission of the other party or parties involved in the conversation (MCL 750.539a[2], 750.539c; MSA 28.807[1][2], 28.807[3]).

DISSENT BY V. J. BRENNAN, J.

4. CRIMINAL LAW — RECORDING OF CONVERSATIONS — STATUTES.

*A participant in a conversation, as well as a third party, is prohibited from recording the conversation unless all persons involved in the conversation consent to such recording (MCL 750.539 et seq.; MSA 28.807 et seq.).*

*Bushnell, Gage, Doctoroff, Reizen & Byington* (by *Noel A. Gage* and *Eugene H. Beach, Jr.*), for plaintiff.

*Simpson, Moran & Burnett* and *Sullivan, Ranger, Ward & Bone,* for defendants.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and R. L. TAHVONEN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. The issue presented in this appeal is whether MCL 750.539 *et seq.;* MSA 28.807 *et seq.,* prohibits a party to a telephone conversation from tape-recording the conversation absent the consent of all other participants. The trial court ruled that such participant recording is not prohibited, and, therefore, dismissed by summary judgment plaintiff's civil suit based upon the statute. Plaintiff appeals as of right.

This litigation arose out of a January 3, 1978, telephone conversation between plaintiff and defendant James Gray. The conversation related to the breakdown of negotiations between defendants Gray and Edward Katz and plaintiff involving the sale of plaintiff's automobile dealership. Unbeknownst to plaintiff, Gray recorded the discourse with a cassette tape recorder. The recording was subsequently transcribed and utilized by defendants in the course of litigation stemming from the dealership negotiations. Defendant Black was an associate attorney with one of the law firms representing Gray and Katz in that lawsuit.

MCL 750.539c; MSA 28.807(3) provides:

"Any person who is present or who is not present during a private conversation and who wilfully uses any device to eavesdrop upon the conversation without the consent of all parties thereto, or who knowingly aids, employs or procures another person to do the same in violation of this section, is guilty of a felony punishable by imprisonment in a state prison for not more than 2 years or by a fine of not more than $2,000.00, or both."

The act further prohibits the use or divulgence of information obtained by eavesdropping. MCL 750.539e; MSA 28.807(5). The pertinent counts of plaintiff's complaint were brought pursuant to MCL 750.539h; MSA 28.807(8), which provides for

civil remedies for violations of the statute.[1] Plaintiff essentially alleged that Gray eavesdropped on the January 3, 1978, telephone conversation by recording it, and that all three defendants further violated the statute by using or divulging the transcribed dialogue.

MCL 750.539a(2); MSA 28.807(1)(2) expressly defines the term "eavesdrop":

" 'Eavesdrop' or 'eavesdropping' means to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse. Neither this definition or any other provision of this act shall modify or affect any law or regulation concerning interception, divulgence or recording of messages transmitted by communications common carriers."

The question of whether participant recording is forbidden is a novel one to this jurisdiction. Although prior cases have examined the eavesdropping statute with regard to its impact on the admission of evidence in criminal trials, none have directly resolved the issue now before us. *Cf. People v Artuso,* 100 Mich App 396; 298 NW2d 746 (1980), *People v Sacorafas,* 76 Mich App 370; 256 NW2d 599 (1977), *People v Livingston,* 64 Mich App 247; 236 NW2d 63 (1975), *People v Mattison,* 26 Mich App 453; 182 NW2d 604 (1970). Moreover, while decisions from other jurisdictions are instructive, they ultimately are not dispositive since they are based on statutes significantly distinguishable from MCL 750.539 *et seq.;* MSA 28.807 *et seq.*[2]

---

[1] An additional count of plaintiff's complaint alleged that defendants violated plaintiff's right to privacy. That count was also dismissed by summary judgment but has not been the subject of appeal to this Court.

[2] See, *e.g.,* 18 USC 2511; Cal Penal Code § 631 *et seq.;* Ga Code Ann

The issue here is strictly one of statutory construction. The rules for statutory interpretation were most recently summarized in *Pittsfield Charter Twp v City of Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981):

"In construing this statute, we are governed by traditional rules of construction. Thus, if the statute is unambiguous on its face, we will avoid further interpretation or construction of its terms. *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). However, if ambiguity exists, it is our duty to give effect to the intention of the Legislature in enacting the statute. *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956). To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *Bennetts v State Employees Retirement Board,* 95 Mich App 616; 291 NW2d 147 (1980), *Stover v Retirement Board of St Clair Shores,* 78 Mich App 409; 260 NW2d 112 (1977). Also, ambiguous statutes will be interpreted as a whole and construed so as to give effect to each provision and to produce an harmonious and consistent result. *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970), *People v Miller,* 78 Mich App 336; 259 NW2d 877 (1977). Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 39; 257 NW2d 260 (1977), MCL 8.3a; MSA 2.212(1)."

The operative language of MCL 750.539c; MSA 28.807(3) prohibits a person from "wilfully us[ing] any device to eavesdrop upon [a] conversation without the consent of all parties thereto". As used in the statute, the term "eavesdrop" means

§ 26-3001 *et seq.;* Okla Stat tit 21, § 1782; Pa Stat Ann tit 18, § 5701 *et seq.*

to "overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse". MCL 750.539a(2); MSA 28.807(1)(2). We believe the statutory language, on its face, unambiguously excludes participant recording from the definition of eavesdropping by limiting the subject conversation to "the private discourse of others". The statute contemplates that a potential eavesdropper must be a third party not otherwise involved in the conversation being eavesdropped on. Had the Legislature desired to include participants within the definition, the phrase "of others" might have been excluded or changed to "of others or with others".

Plaintiff argues that MCL 750.539c; MSA 28.807(3) must apply to both participants and non-participants since it relates to "[a]ny person who is present or who is not present during a private conversation * * *". We disagree. Although the phrase arguably creates an ambiguity as to the persons affected by the act, the interpretation requested by plaintiff would render inoperative the words "of others" in the statutory definition of eavesdropping. A more logical interpretation may be made that gives full effect to that statutory definition. The words "[a]ny person who is present or who is not present" merely acknowledge that eavesdropping may be committed by one who is actually in close physical proximity to a conversation or by one who is some distance away but eavesdrops utilizing a mechanical device. Quite plainly, one may be "present" during a conversation without being a party to the conversation and without his presence being apparent to those conversing. For example, the eavesdropping party could literally be under the eaves outside an open window.

This construction does lead to one anomaly. While a participant may record a conversation with apparent impunity, his sole consent is insufficient to make permissible the eavesdropping of a third party. Thus, while a participant may record a conversation, he apparently may not employ third parties to do so for him. However, this result, although incongruous on its face, is not necessarily an inconsistency. An individual may not expect those he converses with to record their discourses. Still, absent a request that discussions be held "off the record", it is only reasonable to expect that a conversation may be repeated, perhaps from memory or from the handwritten notes of a party to the conversation. A recording made by a participant is nothing more than a more accurate record of what was said. Whether an individual should reasonably expect that an ostensibly private conversation will be related by a participant to third parties depends on that individual's relation to the other participant. The individual may gauge his expectations according to his own evaluation of the person to whom he speaks. He has the ability to limit what he says based upon that expectation. When a third party is unilaterally given permission to listen in upon a conversation, unknown to other participants, those other participants are no longer able to evaluate and form accurate expectations since they are without knowledge of the third party. Therefore, it is not inconsistent to permit a person to record and utilize conversations he participates in yet deny him the right to unilaterally grant that ability to third parties.

In applying this construction to the instant case, we are led to the conclusion that summary judgment was appropriate. Plaintiff's claims are based on the alleged recording of his conversation by

defendant Gray, a participant in that conversation. The conduct alleged does not come within the statutory prohibition, and, therefore, plaintiff's claims are unenforceable as a matter of law. No factual development could possibly justify a right to recover under the eavesdropping statute. *Cf. Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978).

Affirmed.

V. J. BRENNAN, J. *(dissenting).* I respectfully dissent. I find that the statute prohibits the recording of a conversation, whether by a third party or participant, unless *all* persons involved in the conversation have given their permission.

On its face, the statute does not state that a person who is a party to the conversation cannot violate the statute. Rather, if the Legislature had intended that the statute not apply to participants, I think that it would have stated that intention in clear language. As a matter of fact, the very first phrase of the statute indicates that participants to the conversation can violate the statute: *"Any* person who is present * * *" (emphasis added). If the Legislature intended to exclude participants, I think that it would have stated any person *not a party to the conversation.* Moreover, the statute also states that *all* participants in the conversation must consent to the overhearing, recording, amplifying, or transmitting of the conversation. To me, this plainly prohibits participants, as well as third parties, from the activities designated in the statute without disclosure to the other persons to the conversation that the conversation is being overheard, recorded, amplified, or transmitted.

Moreover, I think the fact that the Legislature even defined the word "eavesdropping" is signifi-

cant. If the statute did not apply to participants, I think that the Legislature would not have defined the word eavesdropping since the common meaning of the word is to overhear. Therefore, if one violated the statute by overhearing (eavesdropping) a conversation, then any conduct, such as recording, amplifying, or transmitting, resulting from the overhearing would be prohibited. However, the Legislature did define eavesdropping, using the disjunctive "or", as not only overhearing but also recording, amplifying, or transmitting the conversation. Thus, to violate the statute, one needs only to overhear or record or transmit or amplify. This clearly indicates to me that the Legislature specifically prohibits conduct beyond the ordinary meaning of the word eavesdropping by prohibiting conduct that not only could be accomplished by a third party but also by a participant.

Further, the majority seems to focus on the phrase "private discourse of others", contained in the definition, as supporting their conclusion that the statute does not apply to participants. By reading the phrase in context, with the definition substituted for the word eavesdrop in the statute, the majority's interpretation is not supported:

"Any person who is present or who is not present during a private conversation and who wilfully uses any device to [overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse] or who knowingly aids, employs or procures another person to do the same in violation of this section, is guilty of a felony * * *." MCL 750.539c; MSA 28.807(3), MCL 750. 539a(2); MSA 28.807(1)(2).

The phrase "of others" modifies "private dis-

course", which does not necessarily imply that a
potential eavesdropper must be a third party not
otherwise involved in the conversation. Moreover,
the phrase is followed by the words "without the
permission of *all* persons engaged in the discourse"
(emphasis added), indicating that the unilateral
recording of a conversation, unbeknownst to the
others involved, is not permitted. Thus, reading
the statute as a whole, I would find that a partici-
pant is prohibited from recording the private dis-
course of any other person involved in the conver-
sation unless all persons consent.

It is incumbent on the courts to protect conver-
sations from secret recordings because of the so-
phisticated electronic equipment that private com-
panies and government agencies have at their
disposal. The use of these recordings intrudes into
every phase of a person's or a company's internal
affairs and requires strict policing. There is obvi-
ously more credence given to a tape recording
than a verbal recollection. Further, the recorded
conversation is easily edited and the only rebuttal
would be another recording. Violations of these
restrictive statutes should carry strict and serious
penalties so as to discourage future use. I cannot
repeat enough for emphasis that there has been a
deluge of sophisticated electronic listening equip-
ment within the last two decades that threatens
all privacy. Therefore, I conclude that the statute
prohibits the recording of a conversation, whether
by a third party or a participant, unless *all* per-
sons involved in the conversation have given their
permission. I would reverse.