WILLIAMS v WILLIAMS

Docket No. 197780. Submitted February 11, 1998, at Lansing. Decided
    April 14, 1998, at 9:05 A.M. Leave to appeal sought.

    Brenda L. Williams brought an action in the Ingham Circuit Court
    against Brent and Ginger Williams, claiming violations of the Michi-
    gan eavesdropping statute, the federal wiretapping act, and the
    common-law right of privacy. Brent Williams, the plaintiff's former
    husband, made at least two audio tape recordings of telephone
    conversations between the plaintiff and Jason A. Williams, the five-
    year-old son of Brent Williams' marriage to the plaintiff, without
    either the express consent or knowledge of the plaintiff or Jason.
    The recordings were made while Jason was residing in the home of
    the defendants and while Brent Williams had sole legal and physi-
    cal custody of Jason. The plaintiff argued that because there was
    no consent to the recording by a party to the conversation, she was
    entitled to judgment as a matter of law under both the federal and
    state statutes. The defendants argued that because Brent Williams
    was the custodial parent of Jason, a minor, he could consent to the
    recordings on Jason's behalf where the consent was in Jason's best
    interests. The court, Thomas L. Brown, J., denied summary disposi-
    tion for the plaintiff and granted summary disposition for the
    defendants on the basis that Brent Williams' status as a custodial
    parent gave him the authority to consent on Jason's behalf. The
    plaintiff appealed.

        The Court of Appeals *held*:

        1. The Michigan eavesdropping statute makes it a felony to
    record a private conversation without the consent of all the parties.
    MCL 750.539c; MSA 28.807(3). It was held in *Sullivan v Gray*, 117
    Mich App 476 (1982), that the Legislature unambiguously excluded
    a recording made by a participant of a recorded conversation from
    the definition of eavesdropping by its defining the type of conversa-
    tion that is subject to the statutory prohibition as "the private dis-
    course of others." MCL 750.539a(2); MSA 28.807(1)(2). There is,
    however, nothing in the language of the statute or *Sullivan* to war-
    rant extension of the participant exception to a person who is only
    a vicarious participant in the conversation by virtue of being a cus-
    todial parent of a minor child who is the actual participant in the
    conversation. Accordingly, Brent Williams' act of recording the con-

versation between the plaintiff and Jason falls within the scope of the acts prohibited by the Michigan eavesdropping statute.

2. The federal wiretapping law provides for criminal and civil remedies against a person who by mechanical or electrical means intercepts any oral conversation that is being transmitted by wire, although it exempts from such criminal and civil liability the interception of a communication where the person "is a party to the communication or where one of the parties to the communication has given prior consent to such interception." 18 USC 2511(1), (2)(d). There is nothing in the language of the federal wiretapping act to suggest that Congress intended that a custodial parent of a minor child who is a party to a communication covered by the statute should be considered to be a vicarious "party to the conversation" within the meaning of that act or that a custodial parent's consent on behalf of a minor child who is a party to a covered communication constitutes consent by "one of the parties to the communication" within the meaning of the statutory exception. The language and intent of the federal wiretapping act fails to provide a reasonable basis to create judicially the vicarious consent exception urged by the defendants.

3. Because the activities of Brent Williams fall within the activities prohibited by the Michigan eavesdropping statute and the federal wiretapping law as written, the trial court erred in granting summary disposition for the defendants on the basis that they were entitled to a judgment as a matter of law.

Reversed.

1. TELECOMMUNICATIONS — EAVESDROPPING — PARTICIPANT RECORDINGS — MINORS — CUSTODIAL PARENTS.

The custodial parent of a minor child is not a vicarious participant of a telephone conversation of the minor child such that the parent is exempt from the statutory prohibition of the Michigan eavesdropping statute (MCL 750.539 *et seq.*; MSA 28.807 *et seq.*).

2. TELECOMMUNICATIONS — WIRETAPPING — PARTICIPANT RECORDINGS — MINORS — CUSTODIAL PARENTS.

The custodial parent of a minor child is not a vicarious participant of a telephone conversation of the minor child such that the parent is exempt from the statutory prohibition of the federal wiretapping statute under the participant exception to the statute; the consent by a custodial parent on behalf of a minor child to the recording of a telephone conversation in which the child is a participant does not fall within the statutory exception of the federal wiretapping statute for recordings made with the consent of one of the parties to a communication (18 USC 2511[1]).

*Harrison & Scott, P.C.* (by *Keldon K. Scott*), for the plaintiff.

*Kolasa, Bodwin & Fuzak, P.C.* (by *Randolph L. Bodwin* and *Michael L. Van Erp*), for the defendants.

Before: McDonald, P.J., and Sawyer and Hoekstra, JJ.

Hoekstra, J. Plaintiff appeals as of right from an order denying plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10) and granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). We reverse.

Plaintiff and defendant Brent Williams were previously married and are the parents of Jason Alan Williams. Defendant Brent Williams is now married to defendant Ginger Williams. When Jason was aged five and living with defendants in their home, defendant Brent Williams made at least two audio tape recordings of telephone conversations between Jason and plaintiff. Neither plaintiff nor Jason expressly consented to or knew of the taping. Upon learning of the tape recordings, plaintiff filed this three-count action, claiming violations of title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 USC 2510 *et seq.* (the federal wiretapping act), the Michigan eavesdropping statute, MCL 750.539 *et seq.;* MSA 28.807 *et seq.,*and the common-law tort of invasion of privacy.

Both parties filed motions in the lower court for summary disposition. Defendant Brent Williams, who had sole legal and physical custody of Jason at the time of the tape recording, argued that he had the authority to give consent on Jason's behalf to the interception of the telephone conversations. Plaintiff

posited that defendants' argument improperly expanded the scope of the consent exceptions in the federal and state statutes and that a proper interpretation would require summary disposition in her favor because defendant Brent Williams was not a participant in the conversation. The lower court granted defendants' motion pursuant to MCR 2.116(C)(8) and (10), holding that there was no genuine issue of material fact and that plaintiff failed to state a claim because defendant Brent Williams, as the custodial parent of a minor child, could consent on Jason's behalf to the interception of Jason's telephone conversations where the decision was in Jason's best interests. This Court reviews de novo the lower court's grant of summary disposition pursuant to MCR 2.116(C)(8) and (10). *Countrywalk Condominiums, Inc v Orchard Lake Village*, 221 Mich App 19, 21; 561 NW2d 405 (1997). We review the record to determine whether defendants were entitled to judgment as a matter of law. *Id.* Likewise, we review de novo the lower court's statutory interpretation. *Smeets v Genesee Co Clerk*, 193 Mich App 628, 633; 484 NW2d 770 (1992).

The sole issue presented by plaintiff on appeal is an issue of first impression for this Court: whether a custodial parent of a minor child may consent on behalf of the child to the interception of conversations between the child and another party and thereby avoid liability under the Michigan eavesdropping statute and the federal wiretapping act. Although there may be distinguishing factors not at issue in this case, these two statutes generally prohibit a person from similar conduct, the intentional interception or use of any wire, oral, or electronic communication under

threat of criminal penalty or civil damages.¹ Defend-
ants argue that the recording activity in this case does
not come within the purview of either statute because

¹ The applicable provision of Michigan's eavesdropping statute provides
the following:

> Any person who is present or who is not present during a private
> conversation and who wilfully uses any device to eavesdrop upon
> the conversation without the consent of all parties thereto, or who
> knowingly aids, employs or procures another person to do the
> same in violation of this section, is guilty of a felony punishable by
> imprisonment in a state prison for not more than 2 years or by a
> fine of not more than $2,000.00, or both. [MCL 750.539c; MSA
> 28.807(3).]

In part, 18 USC 2511 states the following:

> (1) Except as otherwise specifically provided in this chapter any
> person who—
>
> (a) intentionally intercepts, endeavors to intercept, or procures
> any other person to intercept or endeavor to intercept, any wire,
> oral, or electronic communication;
>
> (b) intentionally uses, endeavors to use, or procures any other
> person to use or endeavor to use any electronic, mechanical, or
> other device to intercept any oral communication when—
>
> (i) such device is affixed to, or otherwise transmits a signal
> through, a wire, cable, or other like connection used in wire
> communication;
>
>       *    *    *
>
> (c) intentionally discloses, or endeavors to disclose, to any other
> person the contents of any wire, oral, or electronic communication,
> knowing or having reason to know that the information was
> obtained through the interception of a wire, oral, or electronic
> communication in violation of this subsection;
>
> (d) intentionally uses, or endeavors to use, the contents of any
> wire, oral, or electronic communication, knowing or having reason
> to know that the information was obtained through the intercep-
> tion of a wire, oral, or electronic communication in violation of this
> subsection;
>
>       *    *    *
>
> shall be punished as provided in subsection (4) or shall be subject
> to suit as provided in subsection (5).

of an implicit reference to consent in the state statute and an explicit reference in the federal act. Therefore, we must decide whether these references to consent may be construed so broadly as to include the type of vicarious consent exception advocated by defendants. We conclude that they cannot.

First, regarding the Michigan eavesdropping statute, defendants argue that the tape recordings in this case do not come within the intended purview of the state statute because defendant Brent Williams stood in the place of his minor child by granting consent on the child's behalf. For a vicarious consent exception in the state statute, defendants rely on this Court's holding in *Sullivan v Gray*, 117 Mich App 476, 481; 324 NW2d 58 (1982), that the Michigan Legislature unambiguously excluded participant recording from the definition of eavesdropping by defining the subject conversation as "the private discourse of others." MCL 750.539a(2); MSA 28.807(1)(2). Thus, defendants' argument is apparently that the subject conversations should not be considered "the private discourse of others" because defendant Brent Williams was a vicarious participant in the conversation by virtue of his role as custodial parent.

The goal of statutory construction is to ascertain and facilitate legislative intent. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). In the provisions of the Michigan eavesdropping statute, we find no indication that the Michigan Legislature intended to create an exception for a custodial parent of a minor child to consent on the child's behalf to

interceptions of conversations between the child and a third party. If the Legislature had intended the result argued by defendants, then it could have included such an exception in MCL 750.539g; MSA 28.807(7), the provision in the Michigan eavesdropping statute in which the Legislature delineated exceptions to the prohibition against eavesdropping. Because the Legislature did not include such an exception, we must presume it intended only the meaning that it plainly expressed. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996).

Additionally, we do not believe that this Court's interpretation of the phrase "private discourse of others" in *Sullivan, supra* at 481, supports an enlargement of those statutory exceptions to include vicarious consent by a custodial parent. Indeed, this Court has previously interpreted the relevant provision of the Michigan eavesdropping statute to mean that even if an eavesdropper acts as an agent of a participant in the conversation, that third party nonetheless used a device to eavesdrop "upon the conversation without the consent of all parties thereto" contrary to MCL 750.539c; MSA 28.807(3). *Dickerson v Raphael*, 222 Mich App 185, 200; 564 NW2d 85 (1997). In any event, this Court has no authority to judicially create an exception for tape recordings made by a custodial parent with a child's vicarious consent because we may not speculate with regard to the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995).

Second, regarding the federal wiretapping act, defendants similarly argue in this context that no lia-

bility has attached because defendant Brent Williams could consent on Jason's behalf to the tape recording in this case. Here, defendants rely on an explicit provision within the federal act itself, which states the following:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. [18 USC 2511(2)(d).]

According to defendants, this Court should apply the consent exception to the facts in this case and hold that defendant Brent Williams was a vicarious "party to the communication" between Jason and plaintiff by virtue of his role as custodial parent.

However, the federal wiretapping act is silent with regard to the types of consent that Congress contemplated. The exception to the federal statute simply provides for consent by "one of the parties to the communication." This language gives us no indication that Congress intended to create an exception for a custodial parent of a minor child to consent on the child's behalf and tape record telephone conversations between the child and a third party. Were it the intent of Congress to create a safe harbor from liability for custodial parents recording the conversations of their children, it, too, could have easily done so. Instead, the federal wiretapping act states that any exceptions to its prohibitions are "specifically provided in this chapter." 18 USC 2511(1). This Court will

not speculate with regard to the probable intent of Congress beyond the words expressed in the statute. *Schnell, supra* at 310.

Indeed, in *Young v Young*, 211 Mich App 446, 451; 536 NW2d 254 (1995), this Court found that the legislative history of the federal wiretapping act evinces a legislative intent to prohibit the widespread use of electronic eavesdropping in domestic relations cases. There, this Court refused to find an interspousal immunity exception because none could be found in the plain and unambiguous language of the federal wiretapping act. *Id.* at 452. Here, too, this Court has no authority to create judicially the vicarious consent exception from the language highlighted by defendants.

Because the activity in this case is encompassed by both the Michigan eavesdropping statute and the federal wiretapping act as written, we hold that the lower court erred in finding that defendants were entitled to judgment as a matter of law on this basis.[2] Having stated our holding in this case, we nonetheless recognize that several courts in other jurisdictions have analyzed this precise issue of vicarious consent within the context of a custody dispute. In

---

[2] Our holding in this case is limited to the sole question presented by plaintiff for our review, which is whether the lower court erred in interpreting the federal and state statutes to include consent that is given by a parent for a minor child. Therefore, we express no opinion with regard to whether plaintiff's tort action is meritorious, whether defendant Ginger Williams' involvement in this case is sufficient to hold her liable under Michigan's eavesdropping statute or the federal wiretapping act, or whether plaintiff is alternatively entitled to summary disposition. The trial court did not reach the merits of these issues, and it is well settled that appellate review is limited to issues that the lower court actually decided. See, e.g., *Schubiner v New England Ins Co*, 207 Mich App 330, 331; 523 NW2d 635 (1994).

general, these courts have been willing to extend the consent exception in the federal wiretapping act to include vicarious consent by a parent on behalf of a minor child to intercepting and using communications with a third party where such action is in the child's best interests.[3] We, too, can admittedly perceive situations where depriving a parent of the ability to vicariously consent for a child may deprive the child of the parent's ability to protect the child. For example, Michigan law gives a parent the right to consent to legal action on behalf of a minor child in other situations. See MCL 551.103(1); MSA 25.33(1) (marriage); *People v Goforth*, 222 Mich App 306; 564 NW2d 526 (1997) (parent's consent to search of child's bedroom).

---

[3] See *Pollock v Pollock*, 975 F Supp 974, 979 (WD Ky, 1997) (granting summary judgment to the plaintiff's former wife pursuant to the consent exception in the federal wiretapping act because she acted to protect the welfare of her children in taping the conversations between the plaintiff and the parties' daughter); *Thompson v Dulaney*, 838 F Supp 1535, 1544 (D Utah, 1993) (holding that pursuant to the consent exception in the federal wiretapping act, the guardian could authorize the recordation of her minor children's telephone conversations as long as she had "a good faith basis that is objectively reasonable for believing that it is necessary to consent on behalf of her minor children"); *Silas v Silas*, 680 So 2d 368, 371 (Ala Civ App, 1996) (following *Thompson, supra*, to hold that a parent may give vicarious consent on behalf of a minor child to the taping of telephone conversations where that parent has "a good faith basis that is objectively reasonable for believing that the minor child is being abused, threatened, or intimidated by the other parent"); *Wright v Stanley*, 700 So 2d 274, 279-280 (Miss, 1997) (holding that neither the state law prohibiting wiretapping nor the federal wiretapping act prohibited the custodial parent from recording the conversations of her children with the noncustodial parent in the custodial home). See also *West Virginia Dep't of Health & Human Resources ex rel Wright v David L*, 192 W Va 663, 671; 453 SE2d 646 (1994) (distinguishing *Thompson, supra*, on its facts to hold that the father had no right on behalf of his children to give consent under West Virginia's wiretap act to have the children's conversations with the other parent recorded while the children resided in the other parent's house and in the other parent's care).

However, we are also cognizant that granting a parent the ability to consent on behalf of a child in this context is likely to have widespread implications and may encompass surreptitious actions by parents with less than laudable motives. Moreover, plaintiff correctly points out that Michigan law provides a parent in a custody dispute with relief by vesting the circuit court with the power to take any other action it considers necessary for the best interests of the child. See, e.g., MCL 722.27(1)(f); MSA 25.312(7)(1)(f). Therefore, notwithstanding other courts' willingness to ascribe different meanings to the consent exception, we decline to follow their lead. We instead commend to the legislative branch the delicate question of the extent of privacy that family members may expect within their home vis-a-vis each other. Unlike the judiciary, the legislative branch of government is able to hold hearings and sort through the competing interests and policies at stake. Const 1963, art 3, § 2. See, e.g., *Stabley v Huron-Clinton Metropolitan Park Authority*, 228 Mich App 363; 579 NW2d 374 (1998).

Reversed.