**Andrea J. FERRARA, Plaintiff–Appellant,**

**v.**

**DETROIT FREE PRESS, INC.; David Ashenfelter; and Howard Henry Tarjeft, Defendants–Appellees.**

No. 00–1243.

United States Court of Appeals, Sixth Circuit.

Nov. 22, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

## OPINION

NORRIS, Circuit Judge.

Plaintiff Andrea Ferrara, a former Wayne County, Michigan circuit court judge, appeals from a jury verdict in favor of defendant Howard Tarjeft, her ex-husband. Plaintiff alleged that Tarjeft violated the federal wiretapping provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2522, as well as Michigan's eavesdropping statute, Mich. Comp. Laws §§ 750.539–539i, when he recorded telephone conversations between them without her knowledge. Plaintiff also alleged that David Ashenfelter and his employer, the *Detroit Free Press* ("the newspaper defendants"), violated the same statutes by publishing excerpts of these conversations in the newspaper.

The district court granted summary judgment on all claims except for the federal wiretapping claim against Tarjeft. A jury subsequently rendered a verdict in favor of Tarjeft.

We affirm the judgment in favor of defendants in all respects. At the same time, we deny their motion for sanctions brought pursuant to Fed. R.App. P. 38.

## I.

The telephone conversations at issue contained several derogatory comments about minorities, which the newspaper defendants concluded were statements of public interest. In the February 19, 1997 edition of the *Free Press*, Ashenfelter wrote an article entitled "Judge Slurred Jews, Blacks, and Others, Recordings Indicate" based on the recordings supplied to him by Tarjeft.[1] Plaintiff then brought this action.

---

1. The article prompted an investigation of Ferrara by Michigan Judicial Tenure Commission ("MJTC"), and she was ultimately removed from the bench. It was, however, her behavior during the MJTC hearings, not her statements on the tapes, that the Michi-

The district court granted summary judgment with respect to all of plaintiff's claims except her claim that defendant Tarjeft violated the federal wiretapping statute's prohibition against interception of telephone calls. With respect to this claim against the newspaper defendants, the court held that plaintiff had failed to present evidence sufficient for a rational jury to conclude that they knew or had reason to know that the recordings were made in violation of the statute as required for a disclosure violation.

As mentioned earlier, the jury found in favor of defendant Tarjeft on the sole remaining claim. Plaintiff now appeals the district court's grant of summary judgment and argues that it erred with respect to the jury instructions on her federal wiretapping claims.

## II.

The federal wiretapping statute prohibits the improper interception of wire, oral, or electronic communications. Section 2511(1) of the act imposes criminal penalties on any person who:

(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or to endeavor to intercept, any wire, oral, or electronic communication;

. . . .

(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; . . . .

18 U.S.C. § 2511(1). Certain interceptions are privileged, however, by § 2511(2)(d) which provides as follows:

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing a criminal or tortious act in violation of the Constitution or laws of the United States or any State.

18 U.S.C. § 2511(2)(d).

Therefore, when a communication is intercepted, as it was in this case, by a participant in the conversation, that interception only violates the statute if it "is intercepted for the purposes of committing a criminal or tortious act in violation of the Constitution or laws of the United States or any State." *Id.* Moreover, third-party disclosure of an intercepted communication is only prohibited where the interception violated the statute. *See Smith v. Cincinnati Post & Times–Star,* 475 F.2d 740, 741 (6th Cir.1973) (disclosure of recording by a newspaper does not violate § 2511 where the recording was privileged under § 2511(2)(d)); *cf. Boddie v. American Broad. Cos.,* 731 F.2d 333, 337–38 (6th Cir. 1984) (interception is privileged under § 2511(d)(1) provided the recording party

gan Supreme Court relied on when it adopted the recommendations of the MJTC that Ferrara be removed from the bench. *See In re*

*Ferrara,* 458 Mich. 350, 372–73, 582 N.W.2d 817, 827 (1998).

did not have a criminal, tortious, or improper purpose). Accordingly, the newspaper defendants can only be liable for the disclosure of the recordings if defendant Tarjeft made them for the purpose of violating state or federal law or committing a tort.

The jury found that the defendant Tarjeft did not violate the federal wiretapping statute when he originally made the recordings at issue. Plaintiff contends that the district court erred in two respects when it instructed the jury on this claim. First, plaintiff argues that, because the statute also prohibits disclosure or use, the district court read the statute too narrowly when it limited the jury to determining whether defendant had a criminal or tortious purpose at the time of recording. Second, plaintiff argues that the district court erred by failing to instruct the jury properly on the elements of the Michigan extortion statute, Mich. Comp. Laws § 750.213, and by refusing to permit her to present any evidence related to violations of the Michigan eavesdropping statute.

The district court rejected all of plaintiff's allegations of error concerning the jury instructions on the ground that her attorneys specifically agreed to the instructions that were given. In addition, the court noted that plaintiff's argument with respect to the federal wiretapping statute failed because there is no violation of the statute for subsequent disclosure unless the original interception was illegal.

■ A party is generally precluded from claiming that a jury instruction was erroneous on appeal unless it objected to the instruction before the jury retired to consider its verdict. Fed.R.Civ.P. 51. We have recognized a very limited exception to this rule "in cases where an objection would have been a mere 'formality' under the circumstances ... or where the error was 'obvious and prejudicial' and required

action by the reviewing court 'in the interests of justice.'" *Batesole v. Stratford*, 505 F.2d 804, 808 (6th Cir.1974) (internal citations omitted). In light of our holdings in *Boddie* and *Cincinnati Post*, we hold the instruction that the jury consider Tarjeft's motive at the time he made the recordings was not an "obvious and prejudicial" error.

With respect to the alleged error in the Michigan extortion statute instructions, we hold that the court committed no error and certainly not an "obvious and prejudicial" one. The court gave the following instruction:

> Blackmail is defined as the unlawful demand of money or property under threat to do bodily harm, to injure property, to accuse a crime, or to expose plaintiff's defects.
>
> Extortion is defined as obtaining of property from another induced by wrongful use or actual or threatened force, violence of fear, or under color of official right. The person is guilty of extortion if he purposely attempts to obtain the property of another, by threatening to expose any secret tending to subject any person to hatred, contempt or ridicule or to impair his business reputation.
>
> Plaintiff claims that the defendant attempted to extort by threats of blackmail, change of custody of the minor children to him, abate child support in excess of $21,000 and to have a claim assigned from one attorney to another, a violation of judicial duties and ethics....

Plaintiff cites to *Stockler v. Garratt*, 893 F.2d 856 (6th Cir.1990), where we examined the statute at issue and reasoned that recording a conversation in an attempt to obtain a statement that would help to force a more favorable settlement in litigation would constitute blackmail and therefore

violate the federal wiretapping statute. *Id.* at 859. Plaintiff's argument appears to be that the district court's instructions failed to convey to the jury the possibility of an attempt to obtain a more favorable outcome in litigation would constitute blackmail. We find, however, that the court's instructions clearly convey that possibility.

Nor did the district court err in refusing to permit plaintiff to present evidence concerning a violation of the Michigan eavesdropping statute because the court granted summary judgment for defendant Tarjeft on plaintiff's direct claim under that statute and, therefore, as a matter of law, defendant could not have made the recording with the intention of violating that statute.

Because we conclude that there was no obvious and prejudicial error with respect to the jury instructions, we need not reach the arguments concerning summary judgment for the newspaper on the federal wiretapping claims. The jury held that the initial interception did not violate the statute, and no challenge has been made to this conclusion. As discussed above, the newspaper defendants cannot be liable for disclosure of a privileged communication.

Plaintiff's final claim is that the district court erred in dismissing her claims under the Michigan eavesdropping statute against the newspaper defendants. The district court cited to the Michigan case, *Sullivan v. Gray,* 117 Mich.App. 476, 324 N.W.2d 58 (1982), in which the court held that the statute's definition of eavesdropping precluded an action against a participant in the conversation. *See* 117 Mich.App. at 481, 324 N.W.2d at 60.

Plaintiff contends that the district court erred in granting summary judgment to defendants for two reasons. First, she argues that it is disputed whether Tarjeft gave them permission to disclose the con-

tents of the recording. Second, she argues that the fact that Tarjeft was a participant in the conversation does not shield them from liability for disclosure.

■ The district court was clearly correct to grant summary judgment on this claim. The court in *Sullivan* interpreted the language of the statute as "unambiguously exclud[ing] participant recording from the definition of eavesdropping by limiting the subject conversation to 'the private discourse of others'." 117 Mich. App. at 481, 324 N.W.2d at 60. Accordingly, Tarjeft's recording of the conversation did not violate the statute.

As with the federal wiretapping statute, disclosure under the Michigan eavesdropping statute is only prohibited when the recording is not privileged. Mich. Comp. Laws § 750.539e ("Any person who uses or divulges any information which he knows or reasonably should know *was obtained in violation of sections 539b, 539c or 539d* is guilty of a felony . . . ." (emphasis added) (footnote omitted)). Therefore, defendants' disclosure could not have violated the statute because Tarjeft's recording was privileged.

### III

For the foregoing reasons, we **affirm** the jury verdict in favor of defendant Tarjeft and the district court's grant of summary judgment for defendants Ashenfelter and the *Detroit Free Press.*