PEOPLE v DRIELICK

1. Evidence—Monitored Conversations—Consent—Admissibility.

   Consent by one party to a monitored conversation is sufficient to permit admission of the conversation in evidence.

2. Homicide—Evidence—Admissions—Telephones—Monitored Conversations—Consent—Voluntariness of Consent—Objection.

   A defendant's admission in a telephone conversation being monitored by the police with the consent of the other party of killing a person is admissible in evidence where the record establishes that the consent of the other party to the monitoring of the conversation was voluntary and where no objection was made at trial based on involuntariness of consent.

3. Searches and Seizures—Telephones—Monitored Conversations—Consent by Party—Constitutional Law.

   There is no necessity to obtain a search warrant to intercept a telephone conversation between two parties after one of the parties consents to the interception; the interception involves no constitutional right of the party who was not aware of the interception.

4. Homicide—Evidence—Admissions—Telephones—Monitored Conversations—Consent—Voluntariness—Preserving Issue.

   A trial court was not required to conduct a hearing on the voluntariness of a defendant's admission of a killing which he made in a telephone conversation intercepted by the police with the permission of the other party where the question of defendant's voluntariness in making the admission was never raised at trial.

---

References for Points in Headnotes

[1-4, 6, 7] 29 Am Jur 2d, Evidence §§ 428–433; 74 Am Jur 2d, Telecommunications §§ 209–218.

Validity, construction, and effect of state legislation making wiretapping a criminal offense. 74 ALR2d 855.

[5] 21 Am Jur 2d, Criminal Law § 495.

[8] 21 Am Jur 2d, Criminal Law §§ 185, 494.

5. CRIMINAL LAW—CONFESSIONS—ADMISSIONS—WORDS AND PHRASES.

A fact admitted which necessarily amounts to a confession of guilt is a confession; however, if the fact admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the accused, in order to show guilt, it is not a confession but an admission.

6. HOMICIDE—EVIDENCE—ADMISSIONS—TELEPHONES—MONITORED CONVERSATIONS—CONSENT—CONFESSIONS—JURY QUESTION.

A trial court was dealing with an admission, not a confession, the weight of which was properly left to the jury, where a statement made by a defendant to another in a telephone conversation, which was monitored with the other party's permission, that he had killed a person would not establish that he murdered the victim without proof of other facts not admitted by the defendant.

7. CRIMINAL LAW—EVIDENCE—ADMISSIONS—TELEPHONES—MONITORED CONVERSATIONS—CONSENT—ADMISSIBILITY—COMPETENCY OF DEFENDANT.

Failure to exclude as evidence at trial an admission by a defendant to another in a telephone conversation which was monitored with the other party's permission is not error where the record does not sustain the defendant's contention that he was incompetent at the time of the recorded telephone conversation.

8. CRIMINAL LAW—JUDGES—INSTRUCTIONS TO JURY—DUTY TO INSTRUCT—INCLUDED OFFENSES—FINDINGS OF JURY—STATUTES.

A trial judge is statutorily bound to instruct on the law applicable to the case and, if the record warrants, this includes lesser included offenses; the jury may find a defendant guilty of a lesser offense (MCLA 768.29, 768.32).

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 November 6, 1974, at Lansing. (Docket No. 17954.) Decided November 26, 1974.

Michael D. Drielick was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,*

Prosecuting Attorney, and *Michael J. McNamee,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

QUINN, P. J. A jury convicted defendant of first-degree murder, MCLA 750.316; MSA 28.548. He was sentenced and he appeals. The first five issues raised and briefed on appeal arise from the admission, over objection, of a recorded telephone conversation between defendant and the wife of the victim.

Prior to the killing, defendant had been on intimate terms with Nancy McNeil, the estranged wife of the victim. At the time of the homicide, she was pregnant by defendant. Mrs. McNeil testified that defendant came to her apartment November 20, 1972 and told her that he had killed her husband with a gun that defendant had previously given to Mrs. McNeil. She testified further that when she looked for this gun and could not find it, she took an overdose of tranquilizer for which she was hospitalized.

When released from the hospital, Mrs. McNeil testified that she went to the police and informed them of defendant's admissions to her. Mrs. McNeil's testimony further indicated that at the request of the police, she telephoned defendant in an attempt to get him to admit the killing. She knew that this telephone call was to be recorded. During the call, defendant admitted killing Mr. McNeil.

In an attempt to evade the ruling of *United*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*States v White,* 401 US 745; 91 S Ct 1122; 28 L Ed 2d 453 (1971), that consent by one party to a monitored conversation was sufficient to permit admission of the conversation in evidence, defendant argues that Mrs. McNeil's consent was involuntary. The argument fails because the record establishes that the consent was voluntary, and no objection was made at trial based on involuntariness of consent.

There was no necessity to obtain a search warrant to intercept the telephone conversation between defendant and Mrs. McNeil after she had consented thereto, *People v Karalla,* 35 Mich App 541; 192 NW2d 676 (1971).

The interception of that telephone conversation with Mrs. McNeil's consent involves no constitutional right of defendant, *People v Karalla, supra.*

Defendant contends that the trial court should have conducted a hearing on the voluntariness of defendant's admission of the killing made in the intercepted telephone conversation. The question of defendant's voluntariness in making the admission was never raised at trial.

Defendant stated at trial that the manner and tone of defendant's speech and the whole content of the conversation as reflected by the recorded telephone conversation should lead the court to conclude that defendant's mental state, because of drugs or alcohol, was such that he was incapable of speaking the truth. This would have required the hearing now contended for, if a confession was involved.

In *People v Porter,* 269 Mich 284, 290; 257 NW 705 (1934), the Supreme Court distinguished confession and admission as follows:

"If the fact admitted necessarily amounts to a confession of guilt, it is a confession. If, however, the fact

admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the accused, in order to show guilt, it is not a confession but an admission * * * ."

The admission by defendant that he killed McNeil would not establish that defendant murdered McNeil without proof of other facts not admitted by defendant. The trial court was dealing with an admission, the weight of which was properly left to the jury.

The record does not sustain defendant's contention that he was incompetent at the time of the recorded telephone conversation and failure to exclude the conversation on that ground is not error.

Finally, defendant asserts reversible error occurred when the trial court instructed on all lesser included offenses as well as on first-degree murder after defendant requested that the charge be limited to murder in the first degree. It is understandable that defendant cites no authority for this position; all authority is to the contrary. The judge is statutorily bound to instruct on the law applicable to the case, MCLA 768.29; MSA 28.1052. If the record warrants, this includes lesser included offenses. The jury may find the defendant guilty of a lesser offense, MCLA 768.32; MSA 28.1055.

Affirmed.

All concurred.