PEOPLE v WYTCHERLY

Docket No. 94371. Submitted March 2, 1988, at Grand Rapids. Decided October 17, 1988.

Stephen Jay Wytcherly was convicted by a jury in the Muskegon Circuit Court of assault with intent to commit murder and possession of a firearm during the commission of a felony. Defendant pled guilty to a supplemental charge of being an habitual offender, fourth offense, and the trial court, Ronald H. Pannucci, J., sentenced him to 50 to 250 years in prison for the assault conviction, to be served consecutive to the two-year prison sentence for felony-firearm. Defendant appealed.

The Court of Appeals *held:*

1. Error requiring reversal resulted when the trial judge, after the jury had commenced deliberations, communicated with the jury outside of the courtroom and in the absence of the parties or their counsel.

2. The trial judge's negative response to a request by the jury to "see and review the transcripts used to varify [sic] testimonies" foreclosed the proper alternative of reading back to the jury portions of the trial transcript. Although discretionary, requests for reading should normally be granted absent unusual circumstances. Here, there were no unusual circumstances which would justify a refusal of a request for the reading of portions of the trial transcript.

3. Statements made by the defendant to the police following his arrest were admissions of fact, rather than a confession of guilt. No finding of voluntariness was therefore necessary to allow use of the statements for impeachment purposes.

4. The trial judge properly denied defendant's motion for a

REFERENCES

Am Jur 2d, Criminal Law §§ 688, 919.

Am Jur 2d, Trial § 1001.

Am Jur 2d, Venue §§ 58 *et seq.*

Pretrial publicity in ceiminal case as ground for change of venue. 33 ALR3d 17.

Postretirement out-of-court communications between jurors and trial judge as grounds for new trial or reversal in criminal case. 43 ALR4th 410.

change of venue. Defendant failed to meet his burden of showing actual jury prejudice or an atmosphere surrounding the trial such as to create a probability of prejudice arising from a single newspaper article relating to defendant's alleged offenses. Nor has defendant shown preconceived notions of guilt resulting from actual prejudice, strong community feeling or a pattern of deep and bitter prejudice.

5. Since defendant's prior statements to the police were not substantive evidence, the trial court properly refused to admit the transcripts of such statements as exhibits.

6. Because it concerned a collateral matter, the alleged victim's rebuttal testimony following defendant's character witness was improperly admitted.

7. The trial judge properly refused to instruct the jury regarding a threat made by the alleged victim to defendant as the threat was not sufficient to put a reasonable person in fear of physical violence.

8. The trial judge did not err in refusing to instruct the jury that defendant's general good character was relevant to the issue of reasonable doubt as well as credibility, since the testimony of defendant's character witnesses concerned only defendant's reputation for truthfulness.

9. The evidence supported the trial judge's instruction that defendant, who had claimed that he acted in self-defense, had a duty to retreat since the incident in question did not transpire in defendant's dwelling.

10. The trial judge did not err in refusing to instruct on mitigation and imperfect self-defense. The rule regarding imperfect self-defense applies only to mitigate second-degree murder to voluntary manslaughter where the accused was the initial aggressor. An instruction on imperfect self-defense is not appropriate in this case where there was no murder and defendant claimed that the alleged victim fired his gun first.

11. The trial judge erred when he instructed the jury that it could find defendant guilty of both counts charged or not guilty. However the error was harmless in light of defense counsel's stipulation that defendant was guilty of felony-firearm and defendant's admission that he possessed a firearm and shot the victim.

12. Because defendant pled guilty to the habitual offender charge prior to the imposition of sentences for the underlying convictions, the trial judge did not err in imposing a single sentence on the habitual offender conviction.

13. In the event defendant is convicted on retrial, the sen-

tencing judge may not use potential disciplinary credit and good time in arriving at a minimum sentence.

Reversed and remanded.

1. CRIMINAL LAW — TRIAL — JURY — DELIBERATION OF JURY — COMMUNICATION WITH JURY.

Communications or instructions to the jury, after it has retired for deliberations, out of court and in the absence of the parties or their counsel, are grounds for a new trial, regardless of whether such communications or instructions were prejudicial.

2. CRIMINAL LAW — TRIAL — JURY — READING TESTIMONY TO JURY.

The grant or denial of a request by the jury to have testimony read back to it is within the discretion of the trial court; such request should be granted absent unusual circumstances.

3. CRIMINAL LAW — ADMISSIONS OF FACT — CONFESSIONS.

An admission of fact is distinguished from a confession of guilt in that an admission does not by itself show guilt in the absence of proof of other facts not admitted by the defendant; unless the defendant has confessed, a prior determination of voluntariness is not required for the use of an admission to impeach the defendant.

4. CRIMINAL LAW — CHANGE OF VENUE — PRETRIAL PUBLICITY.

A motion for a change of venue due to pretrial publicity is properly denied where the defendant fails to show actual jury prejudice or an atmosphere surrounding the trial such as to create a probability of prejudice or where the defendant fails to show preconceived notions of guilt resulting from actual prejudice, strong community feeling or a pattern of deep and bitter prejudice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for defendant on appeal.

Before: SULLIVAN, P.J., and MACKENZIE and G. SCHNELZ,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

G. Schnelz, J. Defendant was convicted after a jury trial in Muskegon Circuit Court of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He subsequently pled guilty to being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to 50 to 250 years imprisonment for the assault conviction, to be served consecutive to the mandatory two-year sentence for the felony-firearm conviction. He appeals as of right from his conviction and sentence. We reverse and remand for a new trial.

The charges giving rise to defendant's conviction arose from a December 30, 1985, shooting incident involving defendant and Muskegon County Sheriff's Detective Ernest Heikkila. Detective Heikkila had questioned defendant about a breaking and entering case on two occasions prior to the shooting, and was attempting to arrest defendant on the day of the shooting. Heikkila testified that, while waiting for another deputy to assist him in executing the arrest warrant, he saw defendant and a female companion leave the building where defendant was staying and get into a car parked on a lot adjacent to the building. Heikkila approached the car from the rear, and was noticed by defendant, who squirmed around in the passenger seat. Heikkila drew his gun, because he thought defendant was either trying to hide a gun or get to one in the car. Defendant got out of the car, fired twice at Heikkila, and jumped back into the car. Heikkila fired through the back window of the car two or three times. Defendant came out of the car again, and Heikkila fired one more shot at him. Heikkila was hit in the lower abdomen at some point during the exchange of fire.

Defendant asserted at trial that he fired his gun

in self-defense after Heikkila shot at him first. After getting into the car and rubbing his coat to create some heat, he looked out the back window and saw Heikkila pointing a gun at him. He saw the back window "crystallize," ducked out the passenger door, and drew his gun, firing four or five times. Heikkila fired six times, hitting defendant in the head, chest and arm. Defendant denied any intent to kill Heikkila. He further testified that he was afraid of Heikkila prior to the shooting because the detective had threatened to "burn your ass good" after their second meeting.

On appeal, defendant first argues that the trial court committed error requiring reversal when it made improper ex parte communications to the jury and in declining the jury's requests to review certain testimony. We agree.

During deliberations, the jury sent the trial judge a note indicating, "We are down to two people from reaching a total agreement. We would welcome any input concerning this decision process. We feel we haven't enough info. Would you reply?" The trial judge responded by writing, "Keep working." This note was sent back into the jury room, presumably with the court clerk. Although there is no record of what occurred, it is undisputed that neither defendant nor his counsel were present in chambers or in the jury room to observe or approve of the communication.

Our Supreme Court has established a strict rule prohibiting communication with a deliberating jury outside of the courtroom and outside of the presence of counsel. See *People v Cain*, 409 Mich 858 (1980), reversing 94 Mich App 644; 288 NW2d 465 (1980); *Zaitzeff v Raschke*, 387 Mich 577, 579; 198 NW2d 309 (1972); *People v Kangas*, 366 Mich 201, 206-207; 113 NW2d 865 (1962). Such communications or instructions by the court to the jury,

in the absence of the parties or their counsel, are grounds for a new trial regardless of whether the communications or instructions were prejudicial. *Kangas, supra.* In *People v Lyons,* 164 Mich App 307; 416 NW2d 422 (1987), this Court granted a new trial where the trial judge, without consulting the parties, told the jury to "keep on working" after receiving a note that the jury could not reach a decision.

We find the present case to be indistinguishable from *People v Lyons, supra,* and the cases cited above. Here, the trial judge communicated with the jury concerning its deliberations outside the presence of defendant or his counsel. The communication intruded upon the absolute sanctity of the jury's deliberation, thereby resulting in error requiring reversal.

We also note that the trial judge's negative response to a second jury note stating, "Would it be possible to see and review the transcripts used to varify [sic] testimonies" was error. Although the judge's response was correct to the extent that the jury sought information from improper sources, the judge foreclosed the proper alternative of reading back to the jury portions of the trial transcript. Although discretionary, requests for reading should normally be granted absent unusual circumstances. *People v Howe,* 392 Mich 670, 675-676; 221 NW2d 350 (1974). Here, we find no unusual circumstances which would justify the court's refusal to have part of the trial transcript read back to the jury. After consulting with the parties, the court should have informed the jury of this possibility.

We now consider those remaining issues raised by defendant which may arise on retrial.

Defendant argues that the circuit court erred in determining that statements made by defendant to

the police from his hospital bed were voluntary. Defendant was questioned by a police officer in the hospital approximately eighteen hours after he returned from surgery. The officer was accompanied by two additional officers and a prosecutor. Before answering questions, defendant was given warnings pursuant to *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Defendant answered some questions, but when asked whether he intended to kill Detective Heikkila, defendant stated, "It's too incriminating to answer that without legal representation." At this point, the questioning ceased. The interview lasted between five and ten minutes.

We find that, because defendant's statements were admissions of fact, rather than a confession of guilt, no finding of voluntariness by the trial court was necessary. An admission of fact is distinguished from a confession of guilt in that an admission does not by itself show guilt in the absence of proof of other facts not admitted by the defendant. *People v Porter,* 269 Mich 284, 290; 257 NW 705 (1934). There is no need for a determination of voluntariness pursuant to *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), unless the defendant has confessed. *People v Drielick,* 56 Mich App 664, 667; 224 NW2d 712 (1974), aff'd 400 Mich 559; 255 NW2d 619 (1977). Here, defendant's statements to the police did not indicate his guilt of the charged offense absent facts disproving his defense of self-defense. Defendant's statements were admissible at trial for impeachment purposes without a prior determination of voluntariness. See also *People v Claybon,* 124 Mich App 385, 399; 335 NW2d 493 (1983).

Defendant also argues that a pretrial motion for a change of venue should have been granted. We disagree. Defendant's pretrial motion for a change

of venue was based on a single newspaper article appearing about six weeks before trial in the Muskegon Chronicle. On appeal, this Court will review based on the totality of the circumstances, including the content of news accounts and the voir dire examination transcript. *People v Duby,* 120 Mich App 241, 246-247; 327 NW2d 455 (1982). Upon a review of the newspaper account and the voir dire transcript, we find that defendant has not met his burden of showing actual jury prejudice or an atmosphere surrounding the trial such as to create a probability of prejudice. See *People v Bloom,* 15 Mich App 463, 468-469; 166 NW2d 691 (1969), lv den 382 Mich 770 (1969). Nor has defendant shown preconceived notions of guilt by the jurors resulting from actual prejudice, strong community feeling or a pattern of deep and bitter prejudice. See *Sheppard v Maxwell,* 384 US 333; 86 S Ct 1507; 16 L Ed 2d 600 (1966).

Defendant also argues that the trial court erred in two of its evidentiary rulings. First, we uphold the trial court's refusal to admit transcripts of defendant's statements to police into evidence as exhibits, because the prior statements were not substantive evidence. See *People v Andre Alexander,* 112 Mich App 74, 77; 314 NW2d 801 (1981); *People v Rodgers,* 388 Mich 513, 519; 201 NW2d 621 (1972). Second, we agree with defendant that Detective Heikkila's rebuttal testimony following defendant's character witness was improper because it concerned a collateral matter. See *People v Guy,* 121 Mich App 592, 604-605; 329 NW2d 435 (1982), lv den 417 Mich 1088 (1983).

Defendant next raises six objections to the trial court's charge to the jury. First, we disagree that defendant was entitled to an instruction on Detective Heikkila's threat to defendant that he would "burn [defendant's] ass good" because it was not

sufficient to put a reasonable person in fear of physical violence. See *People v Shelton,* 64 Mich App 154, 156; 235 NW2d 93 (1975). Second, we disagree that the trial court erred in failing to instruct that defendant's general good character was relevant to reasonable doubt as well as credibility. Defense counsel specifically asked defendant's character witnesses only about defendant's reputation for truthfulness. There was no testimony offered concerning any other character trait of defendant. Thus, a jury instruction concerning evidence of general character was not required. See *People v Simard,* 314 Mich 624, 631; 23 NW2d 106 (1946). Third, we find that the evidence supported the trial court's instruction that defendant had a duty to retreat. A defendant is excused from a duty to retreat only in inhabited physical structures within the curtilege of his home. *People v Godsey,* 54 Mich App 316, 320; 220 NW2d 801 (1974). Fourth, the trial court did not err in refusing to instruct on mitigation and imperfect self-defense. The rule regarding imperfect self-defense applies only to mitigate second-degree murder to voluntary manslaughter where the accused was the initial aggressor. *People v Deason,* 148 Mich App 27, 31-32; 384 NW2d 72 (1985), lv den 428 Mich 869 (1987). An instruction on this rule is clearly inappropriate here where there is no murder and defendant maintained that Detective Heikkila fired first. Fifth, defendant's desired instruction concerning his right to use deadly force to defend against an unlawful arrest made with excessive force is only appropriate where defendant contests the lawfulness of the arrest at trial. Finally, we agree that the trial court erred when it instructed the jury it could find defendant guilty of count i and count ii, or not guilty. However, instructional errors are to be analyzed under a

harmless error standard. See *People v Thinel,* 429 Mich 859 (1987). Here, given that defense counsel stipulated to defendant's guilt on count ii if the jury found him guilty on count i, and that defendant admitted to the possession of a firearm and even to shooting the officer, we would find the instruction to be harmless error.

Defendant raises two objections to his sentence. Defendant's first contention is without merit. Because defendant pled guilty to being an habitual offender prior to the imposition of sentence on his underlying conviction, the sentencing judge properly imposed a single sentence on the habitual offender conviction. See *People v Gren,* 152 Mich App 20, 27-28; 391 NW2d 508 (1986). Defendant's second objection is more troublesome. In the event defendant is convicted after retrial, the sentencing judge may not "reverse engineer" defendant's sentence using potential disciplinary credit and good time in arriving at a minimum sentence. See *People v Fleming,* 428 Mich 408, 422-427; 410 NW2d 266 (1987).

We find it unnecessary to address defendant's remaining issues.

Reversed and remanded.