# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RAYMOND GOSHA HARDIN,

        Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324462
Muskegon Circuit Court
LC No. 14-064656-FH

---

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

A jury convicted defendant of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant as an habitual offender, third offense, MCL 769.11, to 12 months in jail and 3 years' probation, with credit for two days served. Defendant appeals as of right. For the reasons set forth in this opinion, we affirm.

This case arises from an incident in which defendant hit the victim with a pipe or stick during an argument on March 15, 2014. The victim testified that defendant accosted him when he was outside removing ice from Yvette Foster's driveway in Muskegon. According to the victim, defendant pulled up in his van, jumped out, and demanded that the victim pay him $60. The victim had previously replaced some spark plugs on a van for defendant and defendant was unhappy with the work and wanted his money back. The victim informed defendant that he would not return any money. In response, defendant got into his van and left.

Approximately 10 or 15 minutes later, defendant returned. The victim had a spade shovel in his hand at that time. Defendant jumped out of his van with "a weapon," approached the victim, and said "you're gonna give me my money today or one way or another, I'm gettin' it out of you." Defendant approached the victim aggressively, holding the weapon "in a swinging baseball stance." The victim described the weapon as "like a pipe, a jack handle," which was black and made of metal. The victim testified that he felt threatened as defendant approached him, concerned that he "could get bludgeoned to death." The victim moved down the side of the driveway and away from defendant and defendant continued to move aggressively toward him. The victim did not run away, but shuffled to the side and walked backwards to reposition himself so he would not be boxed in. The victim testified that he moved into the street, but defendant followed him. Defendant swung at the victim and hit him in the back with the weapon he was

-1-

holding. The victim went down on one knee after being hit, but immediately stood back up and backed further away as defendant "rear[ed] up for another swing."

After defendant hit the victim, defendant and the victim were yelling at each other loudly enough that Foster and Janet Williams came out of the house. Foster testified that she heard yelling outside, so she went out and saw the victim and defendant in the street holding weapons. Defendant was moving forward and the victim backing up. She screamed at them to stop. As defendant moved toward the victim, he had a blue shovel and a stick or pipe in his hands. She did not see either man hit the other.

Williams testified that she heard yelling and went outside. She saw defendant with a shovel and a pipe in his hands and the victim with a shovel in his hands. Defendant was moving toward the victim and the victim was moving away from defendant. From what Williams could observe, the victim did not move toward defendant at all. Williams joined Foster in yelling at the two men to stop and then Williams called the police.

The victim testified that after Foster and Williams came outside, he continued to back away from defendant. Foster told defendant to stop and defendant stopped pursuing the victim. Defendant continued talking to the victim; he was making "idle threats" such as "you wait until my brother gets here" and "you're gonna pay me my money today." Defendant also threw the blue plastic coal shovel at the victim. The victim testified that throughout the confrontation, he kept the spade shovel in his hand, but did not hit or threaten defendant. The victim stated that police arrived between 5 and 20 minutes after defendant threw the coal shovel at him. As police arrived, defendant was driving away around a corner.

Officer Maher Nasif responded to the scene and saw defendant driving away from the scene. Nasif subsequently spoke with the victim, Foster, and Williams. He saw that the victim had a visible welt or bruise in the small of his back that was consistent with being hit by an object. About five minutes later, defendant returned to explain the situation to Nasif. Defendant indicated that he confronted the victim about some faulty spark plugs, they yelled at each other, and then defendant went to his van and "grabbed a stick just to show [the victim] that [defendant] was not afraid of him." A camera in Nasif's cruiser recorded his conversation with defendant and the recording was played for the jury.

Defendant testified that he went to Foster's house to bring a company van there. When he arrived, he saw the victim in the driveway chipping at ice with a spade shovel. Defendant essentially testified that the victim was the initial aggressor in the altercation and that he obtained a stick from his van to protect himself. Defendant testified the victim held a shovel with the blade up and he felt "a little bit" threatened by that. Defendant testified that neither he nor the victim hit each other, but he maintained that the victim was acting in a threatening manner. Defendant was convicted and sentenced as set forth above and this appeal ensued.

On appeal, defendant argues that there was insufficient evidence to convict him of assault with a dangerous weapon.

We review de novo challenges to the sufficiency of the evidence. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). We review the evidence in the light most favorable

to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *Id*. at 9.

"The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

Defendant contends there was insufficient evidence to prove intent. "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind." *Henderson*, 306 Mich App at 11. Use of a dangerous weapon can create an inference of intent to cause serious harm, and injuries suffered by the victim may also be indicative of a defendant's intent. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

The circumstances of the assault would have allowed a rational jury to conclude beyond a reasonable doubt that defendant intended to injure the victim or place the victim in reasonable apprehension of an immediate battery. *Henderson*, 306 Mich App at 8. Here, the victim testified that defendant angrily confronted him, left the area, and then returned with a weapon and pursued the victim. Defendant ultimately succeeded in hitting the victim, causing injury. The victim also testified that defendant threw a blue plastic shovel at him. Foster and Williams testified that they saw the victim backing away as defendant approached him holding an object. Although defendant's testimony differed, issues concerning witness credibility are for the jury to decide. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012). In short, there was sufficient evidence to prove defendant's intent beyond a reasonable doubt.

Defendant argues that, under a theory of imperfect self-defense, there was insufficient evidence of his intent. However, our Supreme Court has held that the theory of imperfect self-defense no longer applies as a stand-alone defense in Michigan. See *People v Reese*, 491 Mich 127, 129; 815 NW2d 85 (2012). Further, the doctrine applied to mitigate murder to voluntary manslaughter, it did not apply in assault cases. See *People v Wytcherly*, 172 Mich App 213, 221; 431 NW2d 463 (1988). In short, defendant's argument fails as a matter of law.

Finally, defendant contends that the trial court erred by not instructing the jury on imperfect self-defense and defense counsel was ineffective for failing to request the instruction. Because defense counsel indicated he had no objections to the jury instructions, defendant has waived any objection to the instructions. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). Moreover, as noted above, imperfect self-defense is not a stand-alone defense in Michigan; therefore, counsel was not ineffective for failing to request the instruction. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (citations omitted) ("[f]ailing to advance a meritless argument . . . does not constitute ineffective assistance of counsel.")

Affirmed.

/s/ William B. Murphy
/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello

-3-