# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN THOMAS MILLER and BG&M, INC.,

Plaintiffs-Appellants,

v

DENNIS J. DUCHENE, II, ANN DUCHENE,
JOHN DOES-BOARD OF ADVISORS
MEMBERS, CATALYST HOLDINGS, LLC,
INSPIRED MARKETING, LLC, and INSPIRED
BUSINESS DEVELOPMENT, LLC,

Defendants-Appellees.

UNPUBLISHED
December 21, 2017

No. 334731
Clinton Circuit Court
LC No. 16-011533-CK

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(7) in this suit involving claims arising out of certain loans, a home energy-efficiency franchise, a licensing agreement, and fairly complex business operations. The trial court concluded that an agreement to arbitrate governed the dispute, rejecting plaintiffs' contentions that defendants waived any defense predicated on the arbitration agreement and that the arbitration agreement did not encompass some defendants. We reverse and remand for further proceedings.

Resolution of this appeal does not require us, for the most part, to delve into the complicated details and business arrangements underlying this case. Pertinent here, defendant Inspired Business Development, LLC, and Inspired Green Columbus, LLC, entered into a licensing agreement, with defendant Dennis Duchene, II, signing on behalf of the former company and plaintiff John Thomas Miller signing on behalf of the latter company. The licensing agreement provided, in relevant part, as follows:

> The Parties agree that any claim or dispute between them or against any agent, employee, successor, or assignee of the other, whether related to this Agreement or otherwise, and any claim or dispute related to this Agreement shall be first taken to binding arbitration. Any award of the arbitrator may be entered as a judgment in any court of competent jurisdiction.

-1-

In May 2015, plaintiffs filed suit in district court against defendants Dennis Duchene, II, Inspired Marketing, LLC, and Inspired Business Development, LLC (collectively "initial defendants"), alleging claims of fraud, violation of the Michigan Franchise Investment Law (MFIL), MCL 445.1501 *et seq*., and rescission. Initial defendants filed an answer to the complaint and affirmative defenses, absent any mention of an agreement to arbitrate. In July 2015, the district court issued a scheduling order that allowed for 60 days of discovery. In August 2015, a stipulated order was entered extending discovery for an additional 45 days. In a September 2015 letter from counsel for initial defendants to plaintiffs' attorney, defense counsel asked for extra time to answer interrogatories and document-production requests, which request was apparently granted. In October 2015, plaintiffs filed a motion to compel compliance with discovery requests. Around that time, initial defendants issued a notice of deposition, scheduling a deposition of plaintiff Miller. The district court issued an order in late October 2015, which provided that "mediation and open discovery will be extended for 90 days until January 19, 2016." Also in October 2015, initial defendants filed a pretrial statement, served plaintiffs with interrogatories and document-production requests, and stipulated to a protective order regarding some discovery matters. The record contains emails from November 2015 showing settlement discussions.

In January 2016, initial defendants filed their own motion to compel compliance with discovery requests. In mid-January 2016, the district court again extended mediation and open discovery; this time for 90 days until April 11, 2016. Also in January 2016, plaintiffs and initial defendants litigated plaintiffs' motion that sought, in part, to amend their complaint and to remove the case to the circuit court. The district court entered an order allowing plaintiffs to file an amended complaint, with the order also providing that the case would be transferred to the circuit court after the amended complaint was filed. In April 2016, plaintiffs filed an amended complaint, naming as defendants, in addition to initial defendants, Ann Duchene, John Does – Board of Advisors Members, and Catalyst Holdings, LLC (these new defendants will be collectively referred to as "subsequent defendants"). Plaintiffs retained the old claims alleging fraud, rescission, and violation of the MFIL, while adding fresh claims of civil conspiracy and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC 1962(c) and (d).

In July 2016, all defendants filed a joint motion for summary disposition under MCR 2.116(C)(7), arguing that they were entitled to summary disposition on the basis of the agreement to arbitrate. Plaintiffs argued that defendants had waived enforcement of the arbitration agreement, given that more than a year of litigation had elapsed without defendants raising the issue of arbitration. Plaintiffs also contended that subsequent defendants were not covered by the arbitration agreement. The trial court ruled that defendants did not waive the arbitration defense and that all of the claims in the amended complaint were subject to arbitration given the broad language of the arbitration agreement. Plaintiffs appeal as of right.

We review de novo a trial court's decision on a motion for summary disposition. *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016). The question whether a claim is subject to arbitration is also reviewed de novo, as is the construction of contractual language. *Id.* at 295. This Court likewise reviews "de novo the question of law whether the relevant circumstances establish a waiver of the right to arbitration, and we review for clear error the trial court's factual determinations regarding the applicable circumstances." *Madison Dist*

*Pub Sch v Myers*, 247 Mich App 583, 588; 637 NW2d 526 (2001). Pursuant to MCR 2.116(C)(7), summary disposition is proper when a claim is barred because of "an agreement to arbitrate[.]"[1]

The Michigan arbitration act (MAA), MCL 600.5001 *et seq.*, was repealed by our Legislature pursuant to 2012 PA 370 and replaced by the uniform arbitration act (UAA), MCL 691.1681 *et seq.*, which was enacted pursuant to 2012 PA 371. The repeal of the MAA and the enactment of the UAA became effective July 1, 2013. See 2012 PA 370 and 371. The UAA provides that "[o]n or after July 1, 2013, this act governs an agreement to arbitrate whenever made." MCL 691.1683(1). Given the timing of the instant lawsuit, which was commenced in May 2015, the UAA applies in this case. MCL 691.1686 provides, in pertinent part:

> (1) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except on a ground that exists at law or in equity for the revocation of a contract.

> (2) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

In *Altobelli*, 499 Mich at 295-296, our Supreme Court discussed the nature of arbitration, observing:

> Arbitration is a matter of contract. Accordingly, when interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation. Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning. In considering the scope of an arbitration agreement, we note that a party cannot be required to arbitrate an issue which it has not agreed to submit to arbitration. The general

---

[1] In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), this Court noted the general principles applicable to motions brought under MCR 2.116(C)(7):

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

policy of this State is favorable to arbitration. The burden is on the party seeking to avoid the agreement, not the party seeking to enforce the agreement. In deciding the threshold question of whether a dispute is arbitrable, a reviewing court must avoid analyzing the substantive merits of the dispute. If the dispute is arbitrable, the merits of the dispute are for the arbitrator. [Citations, quotation marks, and alteration brackets omitted.]

"A defense not asserted in [a] responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted." MCR 2.111(F)(2). "Affirmative defenses must be stated in a party's responsive pleading[.]" MCR 2.111(F)(3). "[T]he existence of an agreement to arbitrate" is an affirmative defense. MCR 2.111(F)(3)(a). And MCR 2.116(D)(2) provides that "[t]he grounds listed in subrule (C)(5), (6), and (7) [agreement to arbitrate] must be raised in a party's responsive pleading, unless the grounds are stated in a motion filed under this rule prior to the party's first responsive pleading." Here, under a plain application of the court rules, initial defendants waived a defense based on the agreement to arbitrate, where they failed to raise the defense in their answer or affirmative defenses, nor in a motion filed prior to their answer. Furthermore, outside the context of the court rules, this Court has stated:

> Waiver of a contractual right to arbitrate is disfavored. The party arguing there has been a waiver of this right bears a heavy burden of proof and must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts. [*Madison Dist*, 247 Mich App at 588 (quotation marks and citation omitted).]

Initial defendants do not claim, nor would they have any basis to assert, that they lacked knowledge of an arbitration defense when plaintiffs' complaint was filed in May 2015; the defense was clearly available to them from the start of the suit. Moreover, initial defendants' participation in the litigation throughout much of 2015 and several months in 2016, including fully engaging in discovery and agreeing to the extension of discovery deadlines as outlined above, clearly constituted action that was inconsistent with the right to arbitrate. *Madison Dist*, 247 Mich App at 596-597; *Salesin v State Farm Fire & Cas Co*, 229 Mich App 346, 356-357; 581 NW2d 781 (1998). Finally, plaintiffs would be prejudiced by application of the arbitration agreement so deep into the court litigation, having expended time and resources on litigation that would have to be expended all over again from the ground up if the case were sent to arbitration. *Madison Dist*, 247 Mich App at 599-600; *Salesin*, 229 Mich App at 356-357.

With respect to initial defendants, the question becomes whether their waiver can be forgiven or set aside on the basis that plaintiffs subsequently filed an amended complaint. We conclude that the waiver survived the amended complaint and that the amended complaint did not revive initial defendants' ability to raise the arbitration agreement as a defense. The amended complaint did not significantly alter the scope or thrust of plaintiffs' allegations or the general nature of the case. First, three of the claims in the amended complaint – fraud, rescission, and violation of the MFIL – were set forth previously in the original complaint. And the addition of the civil conspiracy and RICO claims relied on the same general course of

conduct alleged in the original complaint, which the amended complaint repeated and described in more detail. There is no argument or basis to conclude that the civil conspiracy and RICO claims gave rise to an arbitration defense that did not previously exist relative to the original complaint. In sum, initial defendants waived the defense of an agreement to arbitrate.[2]

However, the same conclusion simply cannot be reached with respect to subsequent defendants. They were not and could not be bound by a waiver *made by other parties*. The defense of an agreement to arbitrate was raised in timely fashion by subsequent defendants, where they raised it in a motion for summary disposition that was filed before their first responsive pleading. MCR 2.111(F)(2) and (3); MCR 2.116(D)(2). And subsequent defendants did not engage in any litigation, other than merely filing the motion for summary disposition. Subsequent defendants did not participate in acts inconsistent with the right to arbitrate. Though there might exist some close connections and relationships between initial and subsequent defendants, they are ultimately separate and distinct persons and entities.

Although subsequent defendants did not waive an arbitration defense, it is not clear that subsequent defendants are parties actually encompassed by the arbitration agreement. "[A] party cannot be required to arbitrate an issue which it has not agreed to submit to arbitration." *Altobelli*, 499 Mich at 295; see also MCL 691.1686(1). The arbitration agreement plainly indicated that plaintiffs agreed to arbitration with regard to disputes with initial defendants, or at least Dennis Duchene, II, and Inspired Business Development, LLC, and the issue is whether plaintiffs so agreed as to subsequent defendants; the question being whether each of the subsequent defendants can properly be characterized as being an "agent, employee, successor, or assignee" of Dennis Duchene, II, or Inspired Business Development, LLC. Plaintiffs argue that they did not agree to arbitrate matters with respect to subsequent defendants, and the trial court misconstrued their argument below, believing that plaintiffs were arguing that *certain claims* were not covered by the arbitration agreement. Plaintiffs concede that all of the claims in the amended complaint generally fall within the parameters of the arbitration agreement. Plaintiffs' argument goes to whether subsequent defendants are protected by the arbitration agreement, regardless of the nature of the claims. We remand this case to the trial court to address this particular issue in the first instance.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[2] We do note that, as to defendant Dennis Duchene, II, this Court has closed the case without prejudice due to his pending bankruptcy proceedings. *Miller v Duchene, II*, unpublished order of the Court of Appeals, entered October 12, 2017 (Docket No. 334731). Thus, our ruling does not encompass Mr. Duchene at this time.